John A. TABOR and A. Thomas Robertson, Appellants,

v.

COUNCIL FOR BURLEY TOBACCO, INC., a corporation; Thomas O. Harris, Commissioner of Agriculture of Kentucky, and the Department of Agriculture of Kentucky, Appellees.

COUNCIL FOR BURLEY TOBACCO, INC., a corporation; Thomas O. Harris, Commissioner of Agriculture of Kentucky, and the Department of Agriculture of Kentucky, Cross-Appellants,

v.

John A. TABOR and A. Thomas Robertson, Cross-Appellees.

Court of Appeals of Kentucky.

Feb. 8, 1980.

Discretionary Review Denied June 17, 1980.

William A. Young, Frankfort, for appellants/cross-appellees.

Fred E. Fugazzi, Jr., Rouse & Collins, PSC, Lexington, Reid C. James, Asst. Atty. Gen., Frankfort, for appellees/cross-appellants.

Before HOWERTON, REYNOLDS and WHITE, JJ.

HOWERTON, Judge.

The 1976 General Assembly established a plan to promote and stimulate increased production, use and sale of burley tobacco and tobacco products. KRS 247.750 through 247.994. Tabor and Robertson brought this action for a declaration of rights and challenged the statutes on the grounds that they were void for vagueness and that the differences between the methods for adopting and eliminating the provisions of the legislation contravene §§ 3 and 59 of the Kentucky Constitution and the Fourteenth Amendment of the Constitution of the United States.

The trial court held that KRS 247.780 was unconstitutional for its unequal provisions for adopting and eliminating the assessment program. The trial court further held, however, that this provision was severable from the remaining statutory provisions and that the program and remaining statutes were otherwise valid.

Tabor and Robertson allege that the legislative plan to create the assessment program for tobacco promotion is so vague, uncertain and indefinite as to be void. The appellants argue that KRS 247.780 discriminates in favor of the producers favoring the imposition of the assessment and against the producers opposing it, which was found by the trial court, but they also argue that the legislation is not severable, and therefore the entire act is unconstitutional.

The Council and the Department of Agriculture argue that the act as a whole is not so vague as to be unconstitutional and that the provisions of the act are severable. On cross-appeal, however, they contend that

the trial court erred in holding KRS 247.780 unconstitutional. They also argue that Tabor and Robertson have not shown they were injured by the legislation and that they therefore lack standing to bring the action.

It appears that the question of standing is being raised for the first time on this appeal; therefore, we will not consider it. As to the remaining issues, we have considered the record, the briefs, and the arguments of counsel, and we agree with the reasoning expounded by Judge Squire Williams in his original declaratory judgment dated November 20, 1978, and in the additional findings of fact and conclusions of law which he adopted on January 8, 1979. We are therefore adopting Judge Williams's opinion as the opinion of this Court. The opinion reads as follows:

\*     \*     \*     \*     \*     \*

As to the first ground, the main bone of contention is the broad definition of 'producer'. KRS 247.715(4) defines a producer as 'every person who produces burley tobacco and thereafter causes the same to be marketed'. Admittedly, this includes a large number of people but the number is ascertainable by the Board of Agriculture. As a matter of fact, the Plaintiffs have no quarrel with the definition as it applies to the initial referendum. Consequently, they may not complain of the definition generally.

Otherwise, the Act, although not precise in every detail, sets out the general proposition with adequate sufficiency to alert the administrators as to the general intent. We conclude the statute is not so vague as to be void. The Constitution does not require impossible or impracticable standards of specificity.

The second point raised, that the Act distinguishes between the weight to be accorded the votes of the producers favoring the levy and those opposing it, is well taken. KRS 247.765 provides the Act shall become effective when a majority of producers who vote do so in the affirmative. But when a vote is taken to terminate, KRS 247.780(1) requires a majority of producers in the area to be in favor. Defendants in effect tacitly admit the infirmity of that rejection procedure but point out that portion is readily severable.

The Act is clear in its intent that a majority of producers in the area be in favor of terminating the program. There is no room for judicial interpretation that the Legislature really meant only a majority of those voting. But we do not believe that to be fatal to the entire Act. The general intent as expressed in KRS 446.-090 is that if any part of a statute should be held unconstitutional, the remainder shall remain in force unless it is essentially and inseparably connected with and dependant (sic) upon the unconstitutional part.

There is ample provision for review and termination of the program in this Act. That the section providing for a referendum to determine termination is void does not affect the Act as a whole. It is severable.

Accordingly, it is hereby DECLARED and ADJUDGED that KRS 247.750 through 247.990 is valid.

\*     \*     \*     \*     \*     \*

ADDITIONAL FINDINGS OF FACT

(1) KRS 247.780(1) provides the only method for terminating the assessment program established by the statute on the basis of a vote on the part of the producers involved unless a referendum is requested by the Council for Burley Tobacco. The Council for Burley Tobacco is a direct beneficiary of the assessment program, all of the proceeds of the assessment being paid to it for use in furtherance of the declared purposes of the act.

(2) KRS 247.780(1) provides that 'a majority of the producers in the area', in this instance the entire State of Kentucky, must vote to reject the assessment program in any referendum held under that section of the statute in order to terminate the program.

(3) KRS 247.765, which makes provision for the adoption of the assessment pro-

gram upon a referendum of the producers of burley tobacco in the State of Kentucky, requires only that a majority of the producers who vote in the initial referendum shall be required to adopt the assessment program.

(4) As a consequence of the disparity between the numbers of eligible producers voting in successive referenda required to adopt and to terminate or discontinue the assessment program, the votes of those producers who favor the assessment program is accorded substantially greater weight than the votes of those persons in the same class of producers who are opposed to the program.

On the basis of the foregoing Findings of Fact the Court further concludes as a matter of law that:

1. The terms and conditions of KRS 247.780(1) effectively operate to deny the producers of burley tobacco who are opposed to an assessment program the equal protection of the law required by the Fourteenth Amendment to the Constitution of the United States, and the same contravenes Sections 3 and 59 of the Constitution of Kentucky. Said sub-section of the act in question is, therefore, discriminatory and void.

2. KRS 247.780(1) is severable from the remainder of the act in question without doing violence thereto.

The judgment of the trial court is affirmed.

All concur.