CABINET FOR HUMAN RESOURCES, Commonwealth of Kentucky, Grady Stumbo, Harold Cole, Edward Girdler and Dennis Blanton, Appellants,

v.

Vernon and Nevelyn HOLBROOK, Appellees.

Court of Appeals of Kentucky.

May 4, 1984.

Case Ordered Published by Court of Appeals June 29, 1984.

Paul F. Fauri, General Counsel, Lucy B. Richardson, Staff Atty., Cabinet for Human Resources, Frankfort, for appellants.

Gurney A. Johnson, Catlettsburg, for appellees.

Before McDONALD, LESTER and DUNN, JJ.

DUNN, Judge.

This appeal is from the Boyd Circuit Court judgment which overturned an administrative decision by appellant, the Cabinet for Human Resources, formerly Department for Human Resources, and permanently restrains DHR from removing a retarded man from a state institution to placement in a private home until a hearing can be held in the presence of a guardian ad litem appointed to represent the man's interests.

Lawrence Dale Holbrook, now age 30, was born July 31, 1953, with the congenital birth defects suffered by a mongoloid child. On July 7, 1959, the Boyd Circuit Court adjudicated Lawrence incompetent in a proceeding filed by the appellees Vernon and Nevelyn Holbrook, Lawrence's parents. Lawrence was then placed in Kentucky Children's Training Home in Frankfort, until November 16, 1972, when he was transferred to the Oakwood Training Facility in Somerset, Kentucky, a state facility for the mentally retarded and developmentally disabled.

On April 12, 1982, the Oakwood staff issued a discharge planning report recommending that Lawrence be placed with a family and enrolled in work shop and adult activities programs. Lawrence's parents disagreed with the recommendation and requested a hearing, which was held on May 5, 1982, at Oakwood. The hearing panel consisted of appellants Harold Cole, Edward Girdler, and Dennis Blanton. Both parents appeared and testified as did Elaine Wilson, Oakwood Liaison Coordinator. Besides their testimony, the panel considered two documents, an Interdisciplinary Report of July 8, 1981, and the Discharge Planning Report of April 12, 1982.

Testimony at the hearing revealed that the parents had not visited Lawrence since 1971, because of the emotional strain on the mother. Also he reacted negatively to visits from them. The parents testified that Lawrence had many physical problems

when he was with them and was often in the hospital, however, Mrs. Wilson testified that Lawrence had only routine illnesses when at Oakwood. The parents also testified that although they were hesitant in initially having Lawrence moved from the Kentucky Children's Training Home in Frankfort to the Oakwood Training Facility, a location farther from their home, they now did not want him moved from Oakwood to a home near their community because if he were in the facility near their home it would look bad because people would think "This fellow here won't take care of his own kid."

Mrs. Wilson testified that Lawrence would be placed in a one-family home, which had been evaluated prior to his placement there, and which would be monitored according to need, even daily, if necessary, after placement. His bed at Oakwood would be held open for the first thirty days of the placement in the event he did not adjust. If they desire, the parents could meet with the placement family prior to the placement.

On May 17, 1982, the panel issued a decision upholding the placement decision. The appellees filed an appeal in the Boyd Circuit Court on June 21, 1982, five days after the statutory appeal time ran under KRS 210.270(7). Appellants filed a motion to dismiss on July 7, 1982, accompanied by a supporting brief, which argued that the court lacked jurisdiction to hear the complaint as the statutory appeal time had run. The appellees responded on August 13, 1983, alleging the appeal would have been timely filed, but for the actions of the appellants, and arguing that under CR 6.02 the court could enlarge the time for filing as a result of excusable neglect.

The parents filed an affidavit alleging that the father, Vernon Holbrook, knew of the 30-day appeal limitation, but had tried to avoid a lawsuit by calling DHR. He stated that he reached Grady Stumbo, former DHR Secretary, on June 14, 1982, and Stumbo told him his only recourse was a lawsuit. He further alleged that Stumbo told him in response to his concern that his appeal time had almost run that "a day or two won't mean anything, go ahead and file your lawsuit and we'll let the circuit court decide." The trial court denied the appellants' motion to dismiss on August 16, 1982. The appellants raised the jurisdictional claim again in their answer filed August 25, 1982, and moved the court to alter, amend or vacate its order of August 16, 1982, which was denied on September 3, 1982.

On February 15, 1983, the trial court issued an order finding that at the hearing on May 6, 1982, Lawrence Holbrook did not have a guardian ad litem appointed. He ordered the parties to brief the issue of whether a guardian is necessary at that hearing, and whether a guardian is a necessary party. After considering these supplemental briefs on guardianship, the court issued its findings of fact, conclusions of law and order on July 15, 1983. The court held in part, that "The failure of the department to have a guardian ad litem appointed in a hearing that was going to determine the removal from a state institution to a private home of an individual violated that individual's rights of due process." The court permanently enjoined the department from removing Lawrence Holbrook until a hearing was held with the guardian present for Lawrence, who could prepare all defenses, including examination of Lawrence by impartial experts. It is from that order that appellant DHR prosecutes this appeal.

Appellants first argue that the Boyd Circuit Court did not have jurisdiction to hear the complaint because the statutory time limit had run. KRS 210.270(7), which governs appeals of decisions concerning placement of mentally disabled persons, provides that appeals must be taken within 30 days of the adverse decision. The appellees argue that their appeal would have been timely filed but for the actions of Grady Stumbo and his staff. They argue, based on the affidavit of Vernon Holbrook, filed with their response to the appellants' initial motion to dismiss, that they relied on a waiver given to them to file late by the

then head of the department, Grady Stumbo.

The appellants argue that the appeal time had not run on the date of the phone call from Grady Stumbo, and no showing was made as to why the lawsuit was not filed in the three days remaining to the appellees, and the statutory appeal time is mandatory and cannot be waived by the agency.

 A long line of Kentucky cases have held that where appeal from an administrative agency decision is permitted by statute, the requirements of the statute are mandatory, and a circuit court does not obtain jurisdiction to hear the appeal unless the statutory requirements have been met. *Bluegrass Mining Company v. North*, Ky. App., 265 Ky. 250, 96 S.W.2d 757 (1936), *Board of Adjustment of the City of Richmond v. Flood*, Ky., 581 S.W.2d 1 (1979). The civil rules which would normally permit amendment do not apply to appeals of administrative decisions until after the appeal has been perfected and jurisdiction has attached. *Pollitt v. Ky. Unemployment Ins. Commission, et al.*, Ky.App., 635 S.W.2d 485 (1982).

It is uncontested that appellees filed five days after the appeal time ran. The inquiry must now turn on what effect, if any, the allegations in appellees' affidavit have on the issue. Since the civil rules do not come into effect in appeals from decisions of administrative agencies until the appeal is perfected, the excusable neglect concept of CR 6.02, which permits late filing of appeals if excusable neglect is alleged, is not a viable argument for appellees to utilize because the appeal was untimely filed. Thus, the appeal was never perfected according to KRS 210.270(1), and the civil rules never became effective. On this ground alone the trial court should have dismissed the appeal from the DHR panel.

In view of this holding we need not address in particularity the issue on appeal as to the trial court's reasoning that failure to appoint a guardian ad litem for Lawrence for the department hearing required the hearing panel's determination be set aside and the matter returned to it for additional hearing with a guardian ad litem. Neither the statute with which we are directly concerned, nor any other statute or applicable rule, or the Constitution of this Commonwealth or the United States, require such appointment. In this regard the trial court was in error.

The same is true with respect to the sufficiency of the evidence upon which the department's decision was based. The decision was based on substantial, probative and reliable evidence, and consequently should have been affirmed.

As stated above the thirty-day time period to appeal this decision to the circuit court is jurisdictional and the reported actions of Grady Stumbo cannot give the circuit court the jurisdiction it does not have, by failure of the appellees to comply with the statute. Boyd Circuit Court had no jurisdiction to hear this appeal and its decision to the contrary is REVERSED and the appeal from the order of the Department of Human Resources to the Boyd Circuit Court is DISMISSED.

All concur.