**TRANSPORTATION CABINET,**
**Commonwealth of Kentucky,**
**Appellant,**

v.

**James CAUDILL and Kentucky**
**Personnel Board,**
**Appellees.**

**No. 2007–CA–001864–MR.**

Court of Appeals of Kentucky.

Feb. 27, 2009.

Erica L. Keenan, Robert L. Roark, Lexington, KY, for appellant.

Mark A. Sipek, Frankfort, KY, for appellee.

Before STUMBO and THOMPSON, Judges; GUIDUGLI,[1] Senior Judge.

## OPINION

THOMPSON, Judge.

The Kentucky Transportation Cabinet (Cabinet) appeals from an order of the Franklin Circuit Court granting the Kentucky Personnel Board's motion to dismiss. For the reasons stated herein, we affirm.

On January 11, 2005, James Caudill, a Highway Equipment Operator IV with the Cabinet, and Tony Todd, a private sector employee, interviewed for the position of Superintendent I with the Cabinet. Following the interview process, Todd received the appointment. After Todd's appointment, Caudill filed an appeal to the Personnel Board, alleging the Cabinet's decision was politically motivated and in violation of statutory hiring practices.

---

1. Senior Judge Daniel T. Guidugli sitting as Special Judge by assignment of the Chief Justice pursuant to Section 110(5)(b) of the Kentucky Constitution and KRS 21.580.

Following an extensive hearing, the hearing officer issued findings of fact, conclusions of law, and a recommended order. The hearing officer found that Caudill did not suffer political discrimination but was aggrieved by the Cabinet's failure to follow statutory provisions in Todd's hiring. The hearing officer recommended rescinding Todd's appointment and conducting a new search to fill the position.

Subsequently, on November 21, 2006, the Board issued its final order adopting the hearing officer's findings of fact, conclusions of law, and recommended order. The final order provided that "[t]he parties shall take notice that this Order may be appealed to the Franklin Circuit Court in accordance with KRS 13B.140 and KRS 18A.100." [2]

On December 12, 2006, the Cabinet filed a petition for review of the Board's decision. It contended that it had complied with all statutory requirements in Todd's hiring process. The Cabinet designated Paul F. Fauri, Caudill's counsel before the Personnel Board, to receive service for Caudill. The Personnel Board waived service. On December 14, 2006, the Cabinet filed an amended petition in which Fauri was again designated to receive service.

On March 8, 2007, the Personnel Board filed a motion to dismiss. The Personnel Board argued that the Cabinet failed to serve Caudill as required by KRS 13B.140(1). KRS 13B.140(1) provides, in pertinent part, that:

Copies of the petition shall be served by the petitioner upon the agency and all parties of record. The petition shall include the names and addresses of all parties to the proceeding and the agency involved, and a statement of the grounds on which the review is requested. The petition shall be accompanied by a copy of the final order.

The Personnel Board argued that the Cabinet was required to serve Caudill before the trial court could obtain jurisdiction to adjudicate the appeal.

The Cabinet responded that Robert L. Roark, one of its counsel, communicated with Fauri regarding the appeal and that Fauri agreed to accept service on behalf of his client, Caudill. Thus, the Cabinet contended service was sufficient. Additionally, the Cabinet contended that its service was made in good faith; that Caudill was in actual notice of the petition; and that Caudill was not prejudiced by any alleged insufficiency of service.

After Fauri filed an affidavit disputing Roark's position that he had accepted service for Caudill, the trial court conducted a hearing and, thereafter, issued an order dismissing the action. Finding a violation of KRS 13B.140(1), the trial court ruled the Cabinet failed to personally serve Caudill or list his address on the petition and, thus, it had no jurisdiction over the case. This appeal followed.

The Cabinet contends that the trial court erred by dismissing its petition for judicial review on jurisdictional grounds. Specifically, the Cabinet contends that Fauri informed its counsel that he would accept and, thus, waive service of process on Caudill's behalf. However, the Personnel Board contends that the trial court found that Fauri did not waive service on Caudill's behalf. After reviewing the record, we disagree with both contentions.

In the trial court, by affidavit and a brief, the Cabinet contended that Fauri informed its counsel, Robert Roark, that he would accept service on Caudill's behalf. Contrary to this position, Fauri filed an

2. Kentucky Revised Statutes (KRS).

affidavit which stated, in relevant part, the following:

> 1) I represented James Caudill in his Personnel Board appeal relating to the promotion of Tony Todd.
>
> 2) To the best of my knowledge, as of this date Mr. Caudill has not been served with summons in this action and, furthermore, summons did not issue to Mr. Caudill in this action.
>
> 3) Mr. Roark sets forth that I indicated I had accepted service of the amended petition, this is incorrect. I do not accept service for clients whom I have represented at the Personnel Board when actions are filed in the Franklin Circuit Court. When they have been served, they determine whether or not they want to retain me to defend them in the action.

In the lone reference to Fauri in its order, the trial court wrote:

> Petitioner failed to strictly comply with the requirements of KRS 13B.140(1) because it did not list Respondent Caudill's address in its petition, and failed to serve Mr. Caudill personally with summons. *Petitioner argues that service upon Mr. Caudill's attorney was sufficient within the meaning of the statute. However, even if this is sufficient, it cannot excuse Petitioner's failure to list Mr. Caudill's address in the petition, which is clearly required by KRS 13B.140(1).* [Emphasis added].

From the language of the order, the trial court did not find that Fauri, acting as Caudill's counsel, waived personal service on Caudill's behalf. Furthermore, unlike the Personnel Board's contention, the trial court did not find that Fauri rejected service on the ground that he was not Caudill's counsel in the judicial action. While both parties contend the order supports their position, the trial court's order made no finding on this issue.

Moreover, Kentucky Rules of Civil Procedure (CR) 52.04 provides that a final judgment is not reversed or remanded because of the trial court's failure to make a factual finding on an issue unless the matter was brought to the trial court's attention by written request for a finding or by a motion pursuant to CR 52.02. As stated in *Vinson v. Sorrell,* 136 S.W.3d 465, 471 (Ky.2004), "[i]t is fundamental that a party who asserts a claim must prove that claim to the satisfaction of the trier of fact, and on failure of the fact-finder to rule on the contention, the pleading party must seek a ruling from the trial court by means of a request for additional findings of fact."

However, in its ruling, the trial court did not make any findings on the issue of waiver of service of process but limited its findings to Caudill's personal service and omitted address. If either party desired a finding as to service by waiver, they were required to request such finding before the trial court. Therefore, in the context of this case, we cannot review a finding that was not made by the trial court.

Additionally, during the hearing on the motion to dismiss, each party alleged different versions of fact as to whether Fauri, acting as Caudill's counsel, accepted service. The waiver of service by counsel is a common procedure, and we encourage such cooperation between counsel. However, a cover letter between counsel should be forwarded confirming the waiver so that a failure of communication such as evidenced by these counter affidavits will not occur.

The Cabinet next contends that the Personnel Board lacked standing to move the trial court to dismiss its case. Specifically, the Cabinet contends that Caudill, not the Personnel Board, was the proper party to file the motion because he was the aggrieved party. Thus, the Cabinet con-

tends that the trial court was required to deny the motion to dismiss because an improper party filed the motion.

■ The Cabinet made several arguments to the trial court in defending against the Personnel Board's motion to dismiss. Not included in these arguments was a challenge to the Personnel Board's motion on standing grounds. While an allegation regarding subject matter jurisdiction can be raised for the first time on appeal, a challenge to standing must be made before the trial court or the issue is waived for appellate purposes. *Tabor v. Council for Burley Tobacco, Inc.*, 599 S.W.2d 466, 468 (Ky.App.1980); *Hyde v. Haunost*, 530 S.W.2d 374, 376 (Ky.1975).

■ The Cabinet next contends that its service was sufficient because Caudill's counsel indicated that he was aware of its appeal to the Franklin Circuit Court. Citing *Adkins v. Justice Cabinet*, 2003 WL 2004504 (Ky.App.2003)[3], the Cabinet contends that Caudill subjected himself to the trial court's jurisdiction by filing a notice and affidavit and "acknowledging a conversation with Roark [one of the Cabinet's counsel] regarding the Transportation Cabinet's appeal." We disagree.

Despite the Cabinet's contention that the instant case is analogous to *Adkins*, its reliance on *Adkins* is misplaced. In *Adkins*, a state employee petitioned the circuit court for review of the Personnel Board's affirmation of her dismissal by the Department of Corrections. The Personnel Board successfully moved to dismiss the action because it had not been served with summons. Reversing the circuit court, a divided panel of this Court held that:

The Personnel Board's position that the appeal should be dismissed for failure of service of summons is inconsistent with its conduct. By transmitting the record, the Personnel Board recognized that the appeal was pending in the circuit court. The Personnel Board acted like it was subject to the court's jurisdiction—it had no duty to do anything unless it had been served.

Unlike in *Adkins*, Caudill did not take affirmative steps to subject himself to the trial court's jurisdiction. The notice of affidavit and affidavit were filed by Fauri and indicated that he did not waive or accept service on Caudill's behalf. Moreover, Roark and Fauri, not Caudill, discussed the appeal, and Fauri denied representing or acting on Caudill's behalf in the case before the Franklin Circuit Court. Therefore, the facts in *Adkins* are not analogous to this case.

■ The Cabinet next contends that service on Caudill was sufficient because it demonstrated "good faith" in perfecting the appeal. Specifically, citing the unpublished case of *Davenport v. Norsworthy*, 2003 WL 21714085 (Ky.App.2003) and *Arlinghaus Builders, Inc. v. Kentucky Public Service Com'n*, 142 S.W.3d 693 (Ky.App. 2003), the Cabinet contends that it timely served its amended petition upon Caudill's counsel and, thus, satisfied the good faith requirement of CR 3.01. We disagree.

*Davenport* and *Arlinghaus Builders, Inc.* stand for the proposition that defective service is not fatal to an action if service was made in good faith, which includes a diligent correction of any service deficiency. However, the trial court did not make a finding regarding whether Caudill was served in good faith. In mak-

---

**3.** CR 76.28(4)(c) allows us to consider unpublished cases that address an issue not found in published cases.

ing such a finding, the trial court would be required to determine if Roark obtained Fauri's consent to service him instead of Caudill, which remains a disputed issue. Because these findings were neither made nor requested in the trial court, this Court would have to render findings of facts before applying the law which we are not inclined to do.

Additionally, unlike the diligence found in *Arlinghaus Builders, Inc.,* even when the Cabinet was notified by affidavit that Fauri was not the proper party to receive service and had not accepted service on Caudill's behalf, the Cabinet did not issue personal service on Caudill at any time until its notice of appeal to this Court. *Id.* at 697. After discovering the service error, "Arlinghaus moved quickly to remedy the error," but the Cabinet never obtained service upon Caudill upon discovering its error. *Id.* This is fatal to its contention.

The Cabinet next contends that Caudill was in receipt of actual notice of the judicial appeal. It contends that Fauri, acting on behalf of Caudill, accepted service and entered an appearance in the action by filing an affidavit. Therefore, because Fauri acted on behalf of Caudill, the Cabinet contends that Caudill was in actual notice of the appeal and, thus, effective service was made pursuant to statute. We disagree.

■ The Cabinet's contention is premised on a factual finding that was not made or requested in the trial court. While the Cabinet adheres to this version of the facts, the trial court, not the appellate court, is authorized to determine the credibility of evidence in the first instance. *Lawson v. Loid,* 896 S.W.2d 1, 3 (Ky.1995). There were no factual findings on these issues in the trial court, and we cannot weigh the evidence and decide factual matters *de novo.*

The Cabinet next contends that the trial court erred when it ruled that the failure to list Caudill's address on the petition, standing alone, was fatal to its appeal pursuant to KRS 13B.140(1). Because it served Fauri, the Cabinet contends that its appeal should not have been dismissed for want of the listing of Caudill's address.

We agree that the failure to list an address of a party of record is not necessarily fatal. As held in *Davenport,* omitting an address of a party of record is not fatal to an appeal so long as service was issued to another address in good faith, and the error was remedied with due diligence upon discovery. However, Caudill was never personally served, even after the error was discovered and, therefore, the failure to serve him the petition is fatal to this appeal.

■ The Cabinet next contends that the Personnel Board failed to comply with KRS 13.140B(3) by transmitting the administrative record to the trial court. According to the Cabinet, the Franklin Circuit Clerk's office informed it that the Personnel Board had not sent the complete administrative record to its office. Accordingly, the Cabinet contends that the Personnel Board's failure to comply with the statute by submitting the complete administrative record requires reversal. We disagree.

The Personnel Board's failure to send the original or a copy of the administrative record to the trial court does not necessitate the reversal of the trial court's order. From a review of the record, the Personnel Board's failure to send the complete administrative record to the trial court has not prejudiced the Cabinet's case and, thus, constitutes harmless error.

For the foregoing reasons, the Franklin Circuit Court's order is affirmed.

STUMBO, Judge, Concurs.

GUIDUGLI, Senior Judge, Concurs in Result Only.