**Wrenda B. GALLIEN, M.D., Appellant,**

**v.**

**KENTUCKY BOARD OF MEDICAL LICENSURE, Appellee.**

**No. 2009–CA–000694–MR.**

Court of Appeals of Kentucky.

March 25, 2011.

J. Fox DeMoisey, Louisville, KY, for appellant.

C. Lloyd Vest, II, General Counsel, Kentucky Board of Medical Licensure, Louisville, Kentucky, for appellee.

Before CAPERTON and WINE, Judges; LAMBERT,[1] Senior Judge.

---

1. Senior Judge Joseph E. Lambert sitting as Special Judge by assignment of the Chief Jus-

## OPINION

LAMBERT, Senior Judge:

Wrenda B. Gallien, M.D., appeals from an order of the Jefferson Circuit Court dismissing her petition for judicial review of an adverse determination of the Kentucky Board of Medical Licensure. The single issue before us is whether the trial court correctly dismissed Appellant's petition because it had not been filed within the 30 days prescribed by statute. After our review, we hold that the court did not err in this respect. Thus, we affirm.

### Facts and Procedural History

On July 30, 2004, the Kentucky Board of Medical Licensure, through its Inquiry Panel B, issued a Complaint and Emergency Order of Suspension against Appellant. The Complaint alleged that Appellant had been arrested for: (1) illegally prescribing and filling prescriptions for controlled substances; and (2) tampering with physical evidence. The Complaint further alleged that Appellant had failed to meet the standards of prevailing and acceptable medical practice in the areas of diagnosis, treatment, and records regarding her prescriptions of controlled substances. As a result of these accusations, Appellant's medical license was suspended and she was prohibited from practicing medicine until the matter was finally resolved.[2] Appellant did not challenge the Emergency Order of Suspension. The Complaint was referred to the Division of Administrative Hearings in the Office of the Attorney General, and an administrative hearing on the merits of the disciplinary charges was scheduled for January 11–13, 2005.

However, at Appellant's request (and without any objection by the Board), the administrative hearing was delayed several times because the criminal charges against Appellant had not been resolved.[3] By January 2007, Appellant's medical license had been suspended for over 29 months. Thus, she was subject to the terms of KRS 311.604 because she had "not been engaged in the active practice of medicine for at least two (2) years." KRS 311.604(1). Pursuant to this statute, the Board was empowered to order Appellant to "successfully complete a board-approved clinical competency examination or a board-approved clinical skills assessment program" at her own expense in order to determine whether she could "resume the practice of medicine without undue risk or danger to patients or the public." *Id.*

Accordingly, Inquiry Panel B voted to order Appellant to submit to an assessment by the Center for Personalized Education for Physicians (CPEP) in order to determine her competency to practice medicine. However, the Panel also voted to permit Board counsel to negotiate an agreed order with Appellant in lieu of actually issuing an assessment order. Appellant was subsequently contacted and asked to enter into a proposed Interim Agreed Order. Under this order, Appellant would essentially waive her right to seek a hearing to challenge the Emergency Order of Suspension in exchange for the Board's agreement to waive the require-

---

tice pursuant to Section 110(5)(b) of the Kentucky Constitution and Kentucky Revised Statutes (KRS) 21.580.

**2.** Appellant's medical license was suspended under the authority of KRS 311.592(1) and KRS 13B.125.

**3.** Appellant's first trial on the aforementioned criminal charges ended in a mistrial. Prior to the scheduled second trial, Appellant's counsel filed a petition for a writ of prohibition in this Court and a subsequent appeal to the Supreme Court of Kentucky, so no trial was conducted while that matter was waiting to be resolved.

ment that Appellant complete the clinical assessment set forth in KRS 311.604 while the criminal charges against Appellant were still pending. If Appellant wished to practice medicine again once the criminal charges were resolved, the interim order proposed a procedure in which Appellant would complete the clinical assessment before proceedings resumed on the pending disciplinary charges. However, Appellant declined to agree to the terms of the Interim Agreed Order, and instead indicated that she wished to "address the immediate issue of re-issuance of her licensure" if she was ultimately "successful" in the criminal proceeding.

The Board subsequently issued an Order to Complete Clinical Skills Assessment pursuant to KRS 311.604. This order specifically quoted KRS 311.604(2) in advising Appellant that failure to schedule the assessment with CPEP within 20 days would "constitute an admission that [she] is unable to practice medicine according to accepted and prevailing standards." The order further provided, consistent with KRS 311.604(2): "The failure shall constitute a default and a final order may be entered without additional testimony or without presentation of additional evidence." However, Appellant failed to schedule the assessment as ordered, and she provided the Board with no objections or other grounds for refusal to complete the assessment.

Consequently, on April 10, 2007, counsel for the Board wrote a letter to Appellant advising her that Inquiry Panel B would meet on April 19, 2007, to consider her case. This letter included an attached memorandum to the Board from counsel recommending that the Board "take appropriate action" because of Appellant's failure to comply with the Order to Complete Clinical Skills Assessment. Neither Appellant nor her attorney filed a re-

sponse to this letter or anything to be considered by the Panel.

Hence, on April 25, 2007, the Board (through Inquiry Panel B) issued an Order of Suspension that suspended Appellant's medical license "indefinitely ... until further Order of the Panel," and prohibited Appellant from engaging in any act that would constitute the "practice of medicine" as defined by KRS 311.550(10) until approval by the Board. The Order of Suspension summarized the parties' previous efforts to resolve the assessment issue and included the following justification for the Panel's decision:

5. By failing to comply with the Order to Complete Clinical Skills Assessment, the licensee has admitted that she is unable to practice medicine according to accepted and prevailing standards of care by reason of an extended absence from the active practice of medicine, in violation of KRS 311.595(8).

6. Pursuant to KRS 311.604, the Panel may take the failure to complete the assessment as order [sic] as a default and may issue a Final Order without the taking of testimony or presentation of evidence.

The Order of Suspension also contained a section entitled, "EFFECTIVE DATE AND APPEAL RIGHTS," which expressly provided that Appellant had the right to "appeal from this Order, pursuant to KRS 311.593 and 13B.140–150, by filing a Petition for Judicial Review in Jefferson Circuit Court within thirty (30) days after this Order is mailed or delivered by personal service." The order also contained additional instructions as to how the petition should be prepared and mailed.

Despite this language, Appellant failed to take any further action until February 12, 2008—nearly 10 months later—when her attorney asked Inquiry Panel B via letter to dismiss its Complaint without

prejudice and to vacate the Order of Suspension because Appellant wished to retire with a "clean record." When the Panel refused to do so, Appellant tendered a Motion to Strike the Order of Suspension.[4] However, the Panel refused to accept the motion for filing on the grounds that it was unauthorized by statute because Appellant's case had been resolved in its entirety by the Order of Suspension and Appellant's failure to appeal from that order. Appellant then asked the hearing officer originally assigned to the Complaint to intercede, and on April 2, 2008, the hearing officer issued an Order Clarifying the Record in This Administrative Action that found, without citing to any authority, that the Order of Suspension was not a final order and that the issues and orders relating to Appellant's failure to participate in the CPEP assessment had nothing to do with the original Complaint and Emergency Order of Suspension. Thus, separation of those matters was procedurally necessary.

On April 21, 2008, Inquiry Panel B issued an Order Dismissing Remaining Charges in Complaint, Without Prejudice. That order provided:

> In light of the Panel's resolution of this matter by final Order of Suspension issued on April 25, 2007, which was not appealed, it is not presently necessary to resolve the remaining charges in the Complaint alleging violations of KRS 311.595(4) and (9), as illustrated by KRS 311.597(1) and (4). Accordingly, the Panel ORDERS that the remainder of Complaint No. 959, relating to the charged violations of KRS 311.595(4) and (9), as illustrated by KRS 311.597(1) and (4), is hereby DISMISSED, WITHOUT PREJUDICE. Accordingly, further administrative proceedings on Complaint No. 959 are terminated upon the filing of this Order[.]

Thus, the hearing officer's conclusions notwithstanding, the Panel considered the Order of Suspension to have been a final order that eliminated the need to consider the disciplinary charges pending in the Complaint. The order further provided that Appellant would be afforded future opportunities to demonstrate that she could return to medicine, but that such a demonstration would require, at a minimum, successful completion of the CPEP assessment. The order also left open the question of whether it would be necessary to address the charged violations of KRS 311.595 in the event that Appellant was permitted to resume practicing medicine.[5]

On August 18, 2008, Appellant filed a petition for judicial review and a declaratory judgment action against the Board in Jefferson Circuit Court. Appellant specifically asserted that KRS 311.604 was unconstitutional and that she had been deprived of her procedural due process rights during the course of her dealings

---

4. The letter and the motion were apparently prompted by a resolution of the criminal charges against Appellant. According to Appellant's brief, she entered an *Alford* plea of guilty to nine felony counts each of wrongfully filling prescriptions and participating in prohibited acts relating to controlled substances, as a result of which she was placed into a pretrial-diversion program for one year.

5. The Order Dismissing Remaining Charges in Complaint, Without Prejudice did not contain a notice of Appellant's rights on appeal as required by KRS 13B.120(3); so, on April 29, 2008, the hearing officer issued a Recommended Order of Dismissal that included the required notice. However, counsel for the Board took the position that the order of dismissal terminated the entire administrative action against Appellant and ended any authority that the hearing officer had to issue orders. Thus, Inquiry Panel B did not consider the recommended order.

with the Board. The Board responded with a motion to dismiss Appellant's petition on the grounds that it had not been timely filed within 30 days of the mailing of the Order of Suspension, as required by KRS 311.593 and KRS 13B.140(1). The circuit court agreed with the Board and entered an Opinion and Order dismissing Appellant's action. This appeal followed.

### Analysis

On appeal, Appellant contends that the circuit court acted erroneously in dismissing her petition for judicial review on the grounds that it was untimely filed. However, the record leads us to conclude otherwise. The statutory requirements—and the deadline—for filing a petition for judicial review of a final order of the Kentucky Board of Medical Licensure are plainly set forth in KRS 311.593 and KRS13B.140. KRS 311.593(2) provides:

> Any physician who is aggrieved by a final order of the board denying a license or rendering disciplinary action against a licensee may seek judicial review of the order by filing a petition with the Circuit Court of the county in which the board's offices are located in accordance with KRS Chapter 13B.

KRS 13B.140(1) further provides, in relevant part, that "[a] party shall institute an appeal by filing a petition in the Circuit Court of venue, as provided in the agency's enabling statutes, *within thirty (30) days after the final order of the agency is mailed or delivered by personal service.*" (Emphasis added). Thus, these statutes, when read together, impose a 30–day period of limitations for an aggrieved party to challenge a final order of the Board regarding a disciplinary action.

In this case, the Order of Suspension was mailed to Appellant on April 25, 2007. However, she did not file her petition for judicial review until August 18, 2008—nearly 18 months later. This delay is fatal to Appellant's appeal. Our precedent holds that "[w]here an appeal is filed in the circuit court by grant of a statute, as in this case, the parties must strictly comply with the dictates of that statute." *Spencer County Preservation, Inc. v. Beacon Hill, LLC,* 214 S.W.3d 327, 329 (Ky. App.2007). This is because "[a]n appeal from an administrative decision is a matter of legislative grace and not a right, and thus the failure to strictly follow statutory guidelines for the appeal is fatal." *Id.; see also Bd. of Adjustments of City of Richmond v. Flood,* 581 S.W.2d 1, 2 (Ky.1978); *Ky. Unemployment Ins. Comm'n v. Providian Agency Group, Inc.,* 981 S.W.2d 138, 139–40 (Ky.App.1998); *Taylor v. Duke,* 896 S.W.2d 618, 621 (Ky.App.1995). The circuit court concluded that it lacked jurisdiction to consider Appellant's petition for judicial review because the petition had not been timely filed within the statutory 30–day period; thus, dismissal was merited. This conclusion was the correct one.

In an effort to avoid dismissal of her action, Appellant argues that the Order of Suspension was not a final order because it did not specifically designate itself as "final and appealable." However, the circuit court concluded that, while the Order of Suspension did not directly refer to itself as a "final and appealable order," it was clearly intended to act as such by Inquiry Panel B, and the language of the order reflected that it was such. We agree with this characterization and agree that the Order of Suspension contained sufficient notice that it was a final and appealable order. For example, the Order clearly noted the Panel's conclusion that Appellant had failed to comply with KRS 311.604 by failing to complete the clinical skills assessment and—more importantly—its position that it could consequently "issue a Final Order without the taking of testimo-

ny or presentation of evidence." Moreover, the Order expressly provided that Appellant had the right to "appeal from this Order, pursuant to KRS 311.593 and 13B.140–150, by filing a Petition for Judicial Review in Jefferson Circuit Court within thirty (30) days after this Order is mailed or delivered by personal service," thus indicating that the Panel considered the Order of Suspension to be final in nature. Ultimately, we believe that Appellant's argument is little more than an exercise in semantics and that the final nature of the Order of Suspension was made plain and obvious.

Appellant also contends that the Order of Suspension was somehow not "final" because it did not address the disciplinary charges raised in the original Complaint and Emergency Order of Suspension. Instead, she argues that the administrative action was not finally concluded and subject to appeal until Inquiry Panel B refused to consider the hearing officer's Recommended Order of Dismissal. However, we believe that this argument lacks merit and cite with approval the circuit court's reliance upon KRS 13B.010(6) in support of its conclusion that the Order of Suspension was a final order subject to appeal. That provision defines "final order" as "the whole or part of the final disposition of an administrative hearing, whenever made effective by an agency head, whether affirmative, negative, injunctive, declaratory, agreed, or imperative in form." Based on this language, the circuit court reasoned:

> As a matter of first impression, and with no input from the parties, this Court construes KRS 13B.010(6) as meaning that a final order need not dispose of all issues in a case so long as the action taken conclusively imposes an obligation, denies a right or fixes a legal relationship, and is "made effective by the agency head." This interpretation is consistent with federal administrative

decisions, which have stated that "a final order need not necessarily be the very last order in an agency proceeding, but rather, is final for purpose of judicial review when it imposes an obligation, denies a right or fixes some legal relationship...." *Fidelity Television, Inc. v. FCC,* 502 F.2d 443, 448 (D.C.Cir. 1974). The court in *Fidelity* relied on its earlier holding in *Isbrandtsen v. United States,* 211 F.2d 51, 55–56 (D.C.Cir.1954), *cert. denied,* 347 U.S. 990 [74 S.Ct. 852, 98 L.Ed. 1124] (1954), for the proposition that "the principle of finality in administrative law is not ... governed by the administrative agency's characterization of its action, but rather by a realistic assessment of the nature and effect of the order sought to be reviewed." *Fidelity,* 502 F.2d at 448. *See also Arizona Electric Power Coop., Inc. v. U.S.,* 816 F.2d 1366, 1369 (9th Cir.1987) (agency action may be final even though the case is continued for the purpose of considering other related matters).

\* \* \*

The Order of Suspension unequivocally constituted a material, adverse change to Gallien's temporary suspension in that it indefinitely suspended Gallien's right to practice medicine and imposed several obligations upon her should she seek reinstatement. *Fidelity Television, Inc., supra,* 502 F.2d at 448. Indeed, indefinite suspension is inarguably one of the harshest actions, if not the harshest action, the Board can take against a physician's license under KRS 311.595. Perhaps even more relevant to the finality issue, her indefinite suspension for failure to schedule the clinical assessment would not be changed by the outcome of the disciplinary charges that related to her alleged illegal prescription

practices. Whatever the outcome of these charges, Gallien would still be indefinitely suspended for failure to schedule the competency assessment and could not have her license reinstated until she completed the assessment. All the facts Panel B used to make this determination were therefore ripe for judicial review, and there was no practical reason to delay an appeal.

We agree with the circuit court's reasoning in this respect and adopt it as our own. Consequently, we can reach no other conclusion than that the Order of Suspension was a final order, thus bringing into play the statutory requirements of KRS 311.593 and KRS 13B.140—including the 30–day deadline for filing a petition for judicial rights set forth in KRS 13B.140(1).

■ In a final attempt to avoid dismissal, Appellant argues that the hearing officer somehow had the authority to extend the time for filing a petition for judicial review by reopening and reconsidering Inquiry Panel B's Order of Suspension, and that the administrative appeal did not become truly final until Inquiry Panel B refused to consider the officer's Recommended Order of Dismissal. However, Appellant cites to no convincing authority that would support this position. "[A]n administrative agency does not have any inherent or implied power to reopen or reconsider a final decision and ... such

power does not exist where it is not specifically conferred upon the agency by the express terms of the statute creating the agency." *Kentucky Bd. of Med. Licensure v. Ryan,* 151 S.W.3d 778, 780 (Ky.2004), quoting *Phelps v. Sallee,* 529 S.W.2d 361, 365 (Ky.1975). Appellant has referred us to no statutory authority within KRS Chapter 13B or Chapter 311 that would allow a hearing officer to essentially override a final order of the Board months after it was issued. Thus, this argument must also be rejected.[6]

Appellant's remaining arguments have not been properly preserved for appellate review, do not go to the substantive merits of the case, or otherwise lack notable merit. Therefore, we reject them without further comment.

### Conclusion

For the foregoing reasons, the Opinion and Order of the Jefferson Circuit Court is affirmed.

ALL CONCUR.

**6.** Although Appellant filed a petition for judicial review *and* a declaratory judgment action, her appeal appears to be confined to the dismissal of the petition for judicial review. Therefore, we decline to address any potential issues relating to the declaratory judgment action but note that "[c]ourts are in general agreement that a declaratory judgment act is not a substitute or alternative for such actions

as are particularly provided for, to be brought in a particular way." *Sullenger v. Sullenger's Adm'x,* 287 Ky. 232, 152 S.W.2d 571, 574 (1941); *see also Cox v. Howard,* 261 S.W.2d 673, 675–76 (Ky.1953). An attempt to challenge a disciplinary action of the Kentucky Board of Medical Licensure would appear to fit within that restriction.