RENDERED: DECEMBER 4, 2020; 10:00 A.M.
NOT TO BE PUBLISHED

# Commonwealth of Kentucky

# Court of Appeals

NO. 2020-CA-0100-MR

ALMCARE, LLC                                                   APPELLANT

                     APPEAL FROM FRANKLIN CIRCUIT COURT
v.                      HONORABLE THOMAS D. WINGATE, JUDGE
                     ACTION NO. 19-CI-01102

COMMONWEALTH OF KENTUCKY,
CABINET FOR HEALTH AND
FAMILY SERVICES; ADAM MEIER,
IN HIS OFFICIAL CAPACITY AS
SECRETARY OF COMMONWEALTH
OF KENTUCKY, CABINET FOR
HEALTH AND FAMILY SERVICES;
AND CAROL STECKEL, IN HER
OFFICIAL CAPACITY AS
COMMISSIONER OF DEPARTMENT
OF MEDICAID SERVICES, CABINET
FOR HEALTH AND FAMILY
SERVICES                                           APPELLEES

OPINION
AFFIRMING

** ** ** ** **

BEFORE: COMBS, DIXON, AND MAZE, JUDGES.

COMBS, JUDGE: Almcare, LLC (Almcare), appeals an order of the Franklin Circuit Court of December 20, 2019, dismissing its petition for review pursuant to CR[1] 12.02(a) for failure of strict compliance with KRS[2] 13B.140. After our review, we affirm.

This appeal arises from Almcare's attempt to appeal the final order of the Cabinet for Health and Family Services, Department of Medicaid Services (DMS). DMS is a state agency that regulates and monitors the Kentucky Medicaid program. Almcare provides Medicaid services to eligible individuals and has contracted with DMS to provide said services.

In November 2018, Almcare, acting through its executive director, who was not a licensed attorney, requested an administrative hearing concerning a recoupment amount that was determined after a post-payment audit by DMS. In February 2019, DMS filed a motion with the hearing officer to dismiss the matter, arguing that Almcare's appeal was void because it was not requested by a licensed attorney. Following some motion practice and a hearing, the hearing officer issued an order recommending that the Secretary of the Cabinet for Health and Family Services enter a final order granting DMS's motion to dismiss. The Secretary did

---

[1] Kentucky Rules of Civil Procedure.

[2] Kentucky Revised Statutes.

so on September 25, 2019, reciting that Almcare's appeal was unauthorized and untimely.

Subsequently, on October 25, 2019, Almcare filed a petition for review of the Secretary's final order and for declaratory judgment. However, it did not attach a copy of the final order to its petition as required by KRS 13B.140. On November 13, 2019, DMS filed a motion to dismiss Almcare's petition under CR 12.02(a) for lack of subject matter jurisdiction because of Almcare's failure to include a copy of the Secretary's final order. On November 22, 2019, Almcare filed an amended complaint and attached a copy of the Secretary's final order. Additionally, on December 12, 2019, Almcare filed a response to DMS's motion to dismiss. Several days after the hearing on DMS's motion, the circuit court entered an order granting the motion due to Almcare's failure to strictly comply with KRS 13B.140. This appeal followed.

The issue before us is whether the circuit court properly dismissed Almcare's petition for review for failure to strictly comply with KRS 13B.140. Because this is a question of law, our review is *de novo*. *Cinelli v. Ward*, 997 S.W.2d 474, 476 (Ky. App. 1998).

While the factual scenario presented to the Court might appear to be one of first impression, the legal issue is well settled. Kentucky law is clear: an appeal from an administrative agency is a matter of legislative grace, and thus

strict compliance with statutory requirements is essential. The Kentucky Supreme

Court has stated:

> [t]here is no appeal to the courts from an action of an
> administrative agency as a matter of right. When grace
> to appeal is granted by statute, a strict compliance with
> its terms is required. Where the conditions for the
> exercise of power by a court are not met, the judicial
> power is not lawfully invoked. That is to say, that the
> court lacks jurisdiction or has no right to decide the
> controversy.

*Board of Adjustments of City of Richmond v. Flood*, 581 S.W.2d 1, 2 (Ky. 1978)

(citations omitted); *see also Gallien v. Kentucky Bd. of Medical Licensure*, 336

S.W.3d 924, 928 (Ky. App. 2011); *Spencer County Preservation, Inc. v. Beacon*

*Hill, LLC*, 214 S.W.3d 327, 329 (Ky. App. 2007); *Ky. Unemployment Ins. Comm'n*

*v. Providian Agency Group, Inc.*, 981 S.W.2d 138, 139-40 (Ky. App. 1998); *Taylor*

*v. Duke*, 896 S.W.2d 618, 621 (Ky. App. 1995).

Under the present statutory scheme, persons or entities subject to

administrative actions have the ability to request judicial review pursuant to KRS

13B.140. The statute provides that:

> [a]ll final orders of an agency shall be subject to judicial
> review in accordance with the provisions of this chapter.
> A party shall institute an appeal by filing a petition in the
> Circuit Court of venue, as provided in the agency's
> enabling statutes, **within thirty (30) days after the final**
> **order** of the agency is mailed or delivered by personal
> service. . . . Copies of the petition shall be served by the
> petitioner upon the agency and all parties of record. The
> petition shall include the names and addresses of all

-4-

parties to the proceeding and the agency involved, and a statement of the grounds on which the review is requested. **The petition shall be accompanied by a copy of the final order**.

KRS 13B.140(1) (emphases added).

In the case before us, Almcare asks us to disregard that precise and mandatory statutory language and instead to adopt a standard which requires only substantial compliance with KRS 13B.140(1) in order to invoke the circuit court's jurisdiction. We cannot do so.

Almcare primarily relies upon *Transportation Cabinet v. Caudill*, 278 S.W.3d 643 (Ky. App. 2009), for its argument that substantial compliance should be the proper standard. However, *Caudill* is both distinguishable and anomalous. In *Caudill*, the Transportation Cabinet filed a petition for review with the circuit court, but it was dismissed because the Cabinet did not list Caudill's address as required by KRS 13B.140(1). *Id*. at 645. Instead, the Transportation Cabinet listed the address of Caudill's attorney and attempted to effectuate service on Caudill through his attorney. *Id*. The Court made clear in its opinion that "waiver of service by counsel is a common procedure" that is encouraged. *Id*. at 646. However, whether Caudill's counsel had agreed to accept service was a disputed fact that the circuit court did not resolve. *Id*. at 648. As a result, the Court declined review. *Id*.

Additionally, in *Caudill*, the Transportation Cabinet argued that failing to list Caudill's address was not fatal to its appeal. *Id*. The Court agreed, stating as follows:

> omitting an address of a party of record is not fatal to an appeal so long as service was issued to another address in good faith, and the error was remedied with due diligence upon discovery.

*Id*. Nevertheless, the Transportation Cabinet never attempted to serve Caudill personally (failing to heed the road map alluded to by the court) until it filed its notice of appeal. *Id*. Therefore, the circuit court's order dismissing the petition for review was affirmed. In discussing the Court's opinion, Almcare suggests that:

> implicit in [the Court's] determination is the fact that strict compliance with KRS § 13B.140 is not necessary for Franklin Circuit Court to have jurisdiction over an administrative appeal, and the failure to include a copy of the agency's final order in Almcare's original Complaint did not deprive the Franklin Circuit Court of jurisdiction over this matter.

Appellant's Brief at p. 8.

The reasoning unique and specific to the factual background of *Caudill* is contrary to the case law cited at the outset of this analysis and would impermissibly extend *Caudill* far beyond its intended purpose. *Caudill* applies only in cases where: (1) counsel had waived personal service and (2) where a good faith effort had been made to remedy a defect with proper service. *Caudill*, 278 S.W.3d at 646-48. We cannot – and we decline – to extend the Court's narrow

-6-

holding in *Caudill* to change the well settled principle of strict compliance with KRS 13B.140.

Almcare also argues that even if strict compliance is required, any defect in its petition was remedied by its amended complaint, which was filed pursuant to CR 15.01. Again, case law holds otherwise. "The civil rules which would normally permit amendment do not apply to appeals of administrative decisions until after the appeal has been perfected and jurisdiction has attached." *Cabinet for Human Resources v. Holbrook*, 672 S.W.2d 672, 675 (Ky. App. 1984) (citations omitted). Almcare filed its petition for review on October 25, 2019, the thirtieth day of the thirty-day period of limitations set by statute. KRS 13B.140(1). Its petition was not timely perfected, and the circuit court lacked jurisdiction at the time the petition was filed because the final order was not attached. As a result, the civil rules did not apply. *Holbrook*, 672 S.W.2d at 675. Almcare did not file its amended petition until November 22, 2019, twenty-eight days **after** the passage of the statute of limitations.

Almcare's final argument is moot because the administrative appeal was properly dismissed on procedural grounds. However, we shall briefly address it. Almcare's final argument is that the circuit court erred in failing to consider its request for declaratory and injunctive relief, which was set forth in its amended petition. Almcare sought a declaration that only the Kentucky Supreme Court is

authorized to determine what constitutes an unauthorized practice of law. To recapitulate, Almcare's administrative proceeding had been dismissed because the Secretary determined that Almcare's executive director was engaging in the unauthorized practice of law. The Supreme Court has indeed already spoken on this issue. *Azmat as Next Friend of Azmat v. Bauer*, 588 S.W.3d 441, 450 (Ky. 2018). Persons not holding a license to practice law are barred from representing legal claims before a tribunal. The circuit court properly applied the rule set forth in *Azmat*.

We AFFIRM the order of the Franklin Circuit Court of December 20, 2019, dismissing Almcare's petition for review.


ALL CONCUR.


BRIEFS FOR APPELLANT:                    BRIEF FOR APPELLEES:

Jeremy S. Rogers                              Shaun T. Orme
Matthew Barszcz                              Frankfort, Kentucky
Paul R. Schurman
Louisville, Kentucky