RENDERED:  JANUARY 29, 2021; 10:00 A.M.
NOT TO BE PUBLISHED

# Commonwealth of Kentucky

# Court of Appeals

NO. 2019-CA-1500-MR

COMMONWEALTH OF KENTUCKY,
CABINET FOR HEALTH AND FAMILY SERVICES          APPELLANT


APPEAL FROM FRANKLIN CIRCUIT COURT
v.          HONORABLE THOMAS D. WINGATE, JUDGE
ACTION NO. 18-CI-01173


REBECCA YEAGER,
AS NEXT OF FRIEND OF EMAREE YEAGER          APPELLEE


OPINION
REVERSING AND REMANDING

** ** ** ** **

BEFORE:  CALDWELL, MAZE, AND MCNEILL, JUDGES.

MCNEILL, JUDGE:  The Commonwealth of Kentucky, Cabinet for Health and

Family Services ("Cabinet"), appeals the Franklin Circuit Court's September 9,

2019 opinion and order reversing the final order of the Cabinet Secretary.  The

Cabinet's sole argument on appeal is that the circuit court erred in denying its

motion to dismiss due to appellee's failure to timely appeal the final order. Having reviewed the parties' arguments, the record, and the applicable law, we reverse the order of the Franklin Circuit Court and remand for proceedings consistent with this opinion.

Emaree Yeager ("Emaree"), a minor child, is a Kentucky Medicaid recipient who qualifies for home and community based ("HCB") waiver services pursuant to 907 KAR[1] 7:010. This regulation was promulgated pursuant to KRS[2] 205.5606 to allow enrolled persons to assist with the design of their Medicaid services, choose their service providers, and direct the delivery of services to meet their needs. KRS 205.5606(1).

To this end, 907 KAR 7:010 provides a Medicaid recipient the option to receive their HCB waiver services through a traditional Medicaid provider or through what is known as the participant-directed services option ("PDS"). PDS allows for in-home services as an alternative to institutionalized care. If a recipient elects PDS, the recipient hires an individual to provide HCB waiver services and that individual is paid through the HCB waiver services program. Relevant to this

---

[1] Kentucky Administrative Regulations.

[2] Kentucky Revised Statutes.

case, 907 KAR 7:010 Section 6(8) establishes certain criteria that must be met before an immediate family member can be approved to provide PDS.

On January 21, 2018, Rebecca Yeager ("Yeager"), Emaree's mother, applied to serve as Emaree's PDS provider. The Cabinet denied Yeager's application, finding she did not meet all the criteria of 907 KAR 7:010 Section 6(8). In response, Yeager requested an administrative hearing pursuant to 907 KAR 1:563. Following the hearing, the hearing officer entered a recommended decision, reversing the Cabinet's denial of Yeager's PDS application.

The Cabinet filed exceptions to the recommended decision and on October 30, 2018, the Cabinet Secretary entered a final order rejecting the hearing officer's recommended decision and affirming the Cabinet's denial of Yeager's PDS provider request. The Cabinet Secretary found that Yeager did not satisfy 907 KAR 7:010 Section 6(8)(d), which requires that "[t]he services being provided are not natural supports[.]" The regulation defines "natural supports" as "a non-paid person, persons, primary caregiver, or community resource who can provide or has historically provided assistance to the participant or due to the familial relationship would be expected to provide assistance." 907 KAR 7:010 Section 1(35). The Cabinet Secretary reasoned that since Yeager was Emaree's primary caregiver and had "historically provided [the required] assistance" to her daughter,

she is a "natural support" and thus ineligible to serve as a PDS provider for Emaree.

The final order was mailed to Yeager on October 30, 2018. Yeager sought judicial review of the final order in the Franklin Circuit Court. On November 30, 2018, Yeager, as next friend of Emaree, tendered a motion to proceed *in forma pauperis* along with the petition for review. The motion was granted, and the petition was filed on December 6, 2018.

Subsequently, the Cabinet moved to dismiss the petition as untimely because it was not filed within the 30-day timeframe required by KRS 13B.140, arguing the circuit court therefore lacked subject matter jurisdiction. The circuit court denied the motion to dismiss, holding that because the petition was filed within 30 days of its receipt, Yeager had substantially complied with the statute.

On September 9, 2019, the circuit court entered an opinion and order reversing the final order of the Cabinet Secretary, finding the final order was not supported by substantial evidence. The court also denied the Cabinet's renewed motion to dismiss on the same grounds as before. This appeal followed.

The Cabinet's only argument on appeal is that the circuit court erred in denying its motion to dismiss. It contends strict compliance with KRS 13B.140 is required to invoke the circuit court's jurisdiction. We agree.

> In [*Taylor v. Kentucky Unemployment Insurance Commission*, 382 S.W.3d 826 (Ky. 2012)], we reaffirmed

the "firmly rooted concept of law in this state that the courts have no jurisdiction over an appeal from an administrative agency action unless every statutory precondition is satisfied." 382 S.W.3d at 831. As a general rule, "[t]here is no appeal to the courts from an action of an administrative agency as a matter of right. When grace to appeal is granted by statute, a strict compliance with its terms is required." *Board of Adjustments of City of Richmond v. Flood*, 581 S.W.2d 1, 2 (Ky. 1978) (citations omitted). Statutory preconditions for vesting courts with the authority to engage in judicial review cannot be satisfied by substantial compliance. *See City of Devondale v. Stallings*, 795 S.W.2d 954, 957 (Ky. 1990) ("It is only [when defects are nonjurisdictional in nature] that a discussion of substantial compliance . . . is appropriate."). Consequently, at least with respect to the jurisdictional requirements for invoking judicial review of an administrative agency ruling, we have no substantial compliance exception to a statute which grants the right to appeal. *See Kentucky Unemployment Insurance Commission v. Carter*, 689 S.W.2d 360, 361-362 (Ky. 1985).

*Kentucky Unemployment Ins. Comm'n v. Wilson*, 528 S.W.3d 336, 339 (Ky. 2017).

KRS 13B.140(1) sets forth the procedural requirements for an aggrieved party seeking judicial review of an administrative agency's final order: "[a] party shall institute an appeal by filing a petition in the Circuit Court of venue, as provided in the agency's enabling statutes, *within thirty (30) days after the final order of the agency is mailed* or delivered by personal service." (Emphasis added). Thus, the statute imposes a 30-day period of limitations for an aggrieved party to challenge a final order regarding a PDS provider request.

In this case, the final order was mailed to Yeager on October 30, 2018. Thus, Yeager had until November 29, 2018 to file her petition in circuit court. However, Yeager filed her petition on November 30, 2018, one day outside the statute of limitations. Therefore, the circuit court lacked jurisdiction to consider her petition for judicial review. Although seemingly harsh, as noted above, "[s]tatutory preconditions for vesting courts with the authority to engage in judicial review cannot be satisfied by substantial compliance." *Wilson*, 528 S.W.3d at 339 (citation omitted).

In an effort to avoid dismissal of her action, Yeager argues that because KRS 13B.120(5) requires final orders be sent by certified mail and KRS 13B.050(2) states that "[s]ervice by certified mail shall be complete upon the date on which the agency receives the return receipt or the returned notice[,]" the 30-day statute of limitations was tolled until service was complete, and her appeal is timely. However, the plain language of KRS 13B.140(1) requires a party to file her appeal "within thirty (30) days after the final order of the agency is *mailed*[,]" not when service is completed. (Emphasis added.)

Likewise, Yeager's argument that her filing was timely because CR[3] 6.05 provides three extra days to file her petition also fails. In *Cabinet for Human Resources v. Holbrook*, 672 S.W.2d 672 (Ky. App. 1984), we held that "[t]he civil

---

[3] Kentucky Rules of Civil Procedure.

rules . . . do not apply to appeals of administrative decisions until after the appeal has been perfected and jurisdiction has attached." *Id.* at 675 (citation omitted). *Holbrook* concerned the appeal of an administrative agency's decision pursuant to KRS 210.270(7). The appeal was filed five days outside of the 30-day statute of limitations. Appellant moved to dismiss for lack of jurisdiction, and appellee argued that under CR 6.02, the circuit court could enlarge the time for filing of the appeal based on excusable neglect. The circuit court denied the motion to dismiss. On appeal, we reversed the circuit court, holding:

> Since the civil rules do not come into effect in appeals
> from decisions of administrative agencies until the appeal
> is perfected, the excusable neglect concept of CR 6.02,
> which permits late filing of appeals if excusable neglect
> is alleged, is not a viable argument for appellees to utilize
> because the appeal was untimely filed. Thus, the appeal
> was never perfected according to KRS 210.270(1), and
> the civil rules never became effective. On this ground
> alone the trial court should have dismissed the appeal
> from the DHR panel.

*Holbrook*, 672 S.W.2d at 675.

Similarly, here, because Yeager failed to perfect her appeal and invoke the jurisdiction of the circuit court by complying with KRS 13B.140(1), the civil rules never became effective. Thus, CR 6.05 cannot serve to extend the filing time.

Accordingly, we reverse the opinion and order of the Franklin Circuit Court and remand for proceedings consistent with this opinion.

MAZE, JUDGE, CONCURS AND FILES SEPARATE OPINION.

CALDWELL, JUDGE, CONCURS AND JOINS CONCURRING OPINION BY JUDGE MAZE.

MAZE, JUDGE, CONCURRING:  I concur in the reasoning and the result of the majority opinion because I am convinced that it is compelled by the controlling language of the statute.  As the majority notes, we are not at liberty to allow for substantial compliance with the jurisdictional prerequisites for judicial review from administrative agencies.  Furthermore, KRS 13B.140(1) expressly requires the filing of the appeal "within thirty (30) days after the final order of the agency is mailed or delivered by personal service."  (Emphasis added).  There is no question in this case that Yeager failed to file her appeal within thirty days from the mailing of the final order.

But in my opinion, Yeager makes a compelling argument that this rule should be qualified by KRS 13B.120(5), which requires "a copy of the final order shall be transmitted to each party or to his attorney of record in the same manner as provided in KRS 13B.050."  KRS 13B.050(1) requires such service by "certified mail, return receipt requested" and adds that, "Service by certified mail shall be complete upon the date on which the agency receives the return receipt or the returned notice."  The focus of these sections is to ensure the interested party's receipt of the agency's final order.  In my view, the better rule would be to deem the mailing complete upon the party's signing of the return receipt card.  But as an

-8-

intermediate appellate, I must admit that we do not have the authority to adopt such a rule. Since the majority's reading is the prevailing interpretation of the statute, I must reluctantly concur with the reasoning and the result.

BRIEFS FOR APPELLANT:

Shaun T. Orme
Frankfort, Kentucky

BRIEF FOR APPELLEE:

Andrea K. Welker
Lexington, Kentucky