ROBERTS v. WATTS, Commissioner, et al.

Court of Appeals of Kentucky.

May 12, 1953.

Faulkner & Faulkner, Hazard, for appellant.

J. D. Buckman, Atty. Gen., George Catlett, Asst. Atty. Gen., for appellees.

DUNCAN, Judge.

The Department of Motor Transportation, in an administrative proceeding, revoked the taxi certificate of the appellant, Chester Roberts, and its action was affirmed upon appeal to the Franklin Circuit Court. On the appeal here, it is insisted that the evidence does not support the charges upon which the order of the Department was based.

The violations charged in the citation were picking up passengers on a bus route in competition with a common carrier in contravention of KRS 281.805; failure to post the driver's name in his taxicab; and failure to post the taxi tag receipt in his taxicab, all in contravention of the rules and regulations of the Department of Motor Transportation.

Preliminary to a consideration of the case on its merits, we observe that the petition on appeal, filed in the Franklin Circuit Court, did not comply with KRS 281.-780(3), which requires that the petition on appeal "shall assign all errors relied upon." The petition here only alleges that the Department has permanently revoked appellant's certificate.

The right of appeal in administrative as well as other proceedings does not exist as a matter of right. When the right is conferred by statute, a strict compliance with its terms is required. It is the general rule that where the conditions for the exercise of the power of a court are wanting the judicial power is not, in fact, lawfully invoked. The appeal, not having been properly perfected, the Franklin Circuit Court was without jurisdiction and properly dismissed the appeal.

Notwithstanding the defective appellate procedure which was followed in this case, we have examined the evidence heard before the Department and, in our opinion, its order is fully sustained.

The judgment is affirmed.