KENTUCKY UTILITIES COMPANY et al., Appellants,

v.

FARMERS RURAL ELECTRIC COOPERATIVE CORPORATION, Appellee.

(S82-60).

Court of Appeals of Kentucky.

Oct. 19, 1962.

Charles A. Robertson, James S. Welch, Ogden, Brown, Robertson & Marshall, Louisville, Uhel O. Barrickman, Richardson, Barrickman & Dickinson, Glasgow, J. Gardner Ashcraft, Morris Burton, John B. Breckinridge, Atty. Gen., Frankfort, for appellants.

Philip P. Ardery, Brown, Ardery, Todd & Dudley, Louisville, Cecil C. Wilson, Wilson & Nunn, Glasgow, for appellee.

WADDILL, Commissioner.

Appellants seek reversal of a judgment of the Franklin Circuit Court vacating an order of the Public Service Commission of Kentucky. Under our view of the case the circuit court should have dismissed the action because it was not properly brought within the time prescribed in KRS 278.410 which in pertinent part provides:

"Any party to a proceeding before the commission or any utility affected by an order of the commission may, within twenty days after being served with the order, * * *, bring an action against the commission in the Franklin circuit court to vacate or set aside the order or determination on the ground that it is unlawful or unreasonable."

■ This statute provides the exclusive method by which an order of the commission can be reviewed by the circuit court. Therefore, to obtain a review it is necessary that the action be filed against the commission, an indispensable party, within the twenty day period.

■ Appellee brought this action against the Kentucky Utilities Company (which was a party to the proceeding before the commission) within the twenty day period, but appellee did not make the commission a party until forty-two days after receipt of the commission's order. Appellee seeks to excuse its failure to conform to the requirements of the statute by contending that no prejudice resulted to either the commission or the Kentucky Utilities Company. The contention is unavailing since the requirements of the statute are jurisdictional. See Roberts v. Watts, Ky., 258 S.W.2d 513; Ferguson v. Garland, Ky., 352 S.W.2d 70, 71.

Judgment reversed with directions to enter a judgment dismissing this action.