## COMMONWEALTH of Kentucky, DEPARTMENT OF PUBLIC SAFETY, Appellant,

v.

## Lenora Girton LEWIS, Appellee.

Court of Appeals of Kentucky.

May 23, 1969.

Mary Jo Arterberry, Atty., Dept. of Public Safety Division of Driver Licensing, Frankfort, for appellant.

Joe G. Leibson, Louisville, for appellee.

CLAY, Commissioner.

This is an appeal by the Commonwealth from a default judgment entered against it which set aside an order of the Department of Public Safety suspending appellee's automobile operator's license for failure to comply with the Financial Responsibility Law (KRS 187.330).

Appellee was involved in an automobile accident June 20, 1968. On August 2 she was notified that her driver's license would be suspended if she did not show financial responsibility under KRS 187.330 by August 20. She failed to comply, and on that date was notified that her driving privilege was suspended. On August 23 the Department received her late accident report and financial responsibility compliance. On August 26 the Department acknowledged receipt of her communication but since her operator's license had already been suspended, she was directed to surrender it and was advised of the procedure to have it reinstated. Instead of complying therewith, she attempted to appeal from this directive under KRS 187.300(3).

This statute authorizes an aggrieved person to bring an action in the circuit court

"within 20 days after notice" of the order or act of the Department to which exception is taken. Appellee's "STATEMENT OF APPEAL" was filed on September 18. This pleading recited that appellee had received the August 26 communication on August 27. Assuming the 20-day period is to be computed from the date of receipt of notice (rather than the mailing of the notice), appellee's attempted appeal was not within the time prescribed by the statute. (It was two days late.) Due to the fact that appellee named the defendant Commonwealth of Kentucky rather than the Department of Public Safety (KRS 187.300 authorizes an action against "the department") and due to the delay in getting a copy of the "STATEMENT OF APPEAL", the Commonwealth had not answered it within 20 days after it was filed. (The statute requires the Department to answer within 20 days after "service of the complaint".)

On October 11 appellee filed a motion for a default judgment to be heard October 18. On October 12 the Commonwealth filed a motion to dismiss the complaint on the ground that it was filed too late. Both of these motions were heard on the same day and the trial court overruled the motion to dismiss and granted appellee a default judgment setting aside the suspension.

KRS 187.300(3) provides the exclusive procedural method by which an aggrieved party may appeal from an order or act of the Department such as is here involved. In Kentucky Util. Co. v. Farmers Rural Elec. Co-op. Corp., Ky., 361 S.W.2d 300, under a similar statute relating to the Public Service Commission, it was held that the failure to make the Commission a party to an appeal proceeding within the 20-day period prescribed foreclosed the complainant's right of review. In that opinion we stated that the time limit prescribed was jurisdictional. In Roberts v. Watts, Ky., 258 S.W.2d 513, we observed that the right of appeal from an administrative ruling prescribed by statute is conditioned upon strict compliance with the terms of the statute. See also Hennessy v. Bischoff, Ky., 240 S.W.2d 71, and Ferguson v. Garland, Ky., 352 S.W.2d 70.

From what we have said above, it is clear that appellee had failed to proceed within the time limit prescribed by KRS 187.300(3). There was no justification for the entry of the default judgment. The Commonwealth was not in default when the motion was made because 20 days had not elapsed since it had been sent a copy of appellee's pleading. In any event, at the time of the hearing on this motion the Commonwealth had interposed, by its motion to dismiss, a complete defense to the proceeding. The court should have overruled the motion for a default judgment and should have sustained the Commonwealth's motion to dismiss.

The judgment is reversed, with direction to enter judgment dismissing appellee's "STATEMENT OF APPEAL".

MONTGOMERY, C. J., and MILLIKEN, PALMORE, REED and STEINFELD, JJ., concur.

OSBORNE and HILL, JJ., dissent.