BOARD OF ADJUSTMENTS OF the
CITY OF RICHMOND, Kentucky, et
al., Movants,

v.

Charles Bracelen FLOOD et al.,
Respondents.

Supreme Court of Kentucky.

Nov. 21, 1978.

Rehearing Denied June 12, 1979.

Foster Ockerman, Martin, Ockerman &
Brabant, Lexington, John D. Sword, Sword
& Floyd, Richmond, for movants.

John F. Lackey, Lackey & Lackey, Richmond, for respondents.

LUKOWSKY, Justice.

The issue presented for decision is whether the circuit court has jurisdiction of an appeal from a final action of the board of adjustments if the planning commission was not made a party to the appeal within thirty days of the final action. We answer the question in the negative.

Exxon and Cracker Barrel filed an application before the Board of Adjustments of the City of Richmond seeking a height variance for a sign. The application was heard by the Board on June 17, 1976. The application was granted and the Floods and the Burnams appealed to the Madison Circuit Court on July 14, 1976 naming as appellees the Board, Exxon and Cracker Barrel. On July 30, 1976, Exxon and Cracker Barrel filed a motion to dismiss the appeal to the circuit court asserting the failure to include the Richmond, Kentucky, Planning and Zoning Commission as a party.

On August 24, 1976, sixty-eight days after the final action of the Board on June 17, the Floods and the Burnams joined the Commission as a party and had summons issued for it. The Madison Circuit Court held that the failure to make the Commission a party within thirty days was a fatal jurisdictional fault and dismissed the appeal. The Court of Appeals reversed with one member of the panel dissenting.

There is no appeal to the courts from an action of an administrative agency as a matter of right. When grace to appeal is granted by statute, a strict compliance with its terms is required. Where the conditions for the exercise of power by a court are not met, the judicial power is not lawfully invoked. That is to say, that the court lacks jurisdiction or has no right to decide the controversy. *Kentucky Utilities Co. v. Farmers Rural Electric Cooperative Corporation*, Ky., 361 S.W.2d 300 (1962); *Roberts v. Watts*, Ky., 258 S.W.2d 513 (1953).

KRS 100.347 provides:

"(1) *Any person* or entity claiming to be *injured or aggrieved by* any *final action of the* planning commission or *board of adjustments may appeal* from the action *to the circuit court* of the county in which the land lies. Such appeal shall be taken *within thirty (30) days* after the final action of the commission or board. Final action shall not include commission's recommendations made to other governmental bodies.

(2) *All appeals shall be taken* in the appropriate circuit court *within thirty (30) days* after the action or decision of the planning commission or board of adjustments and *all decisions which have not been appealed within thirty (30) days shall become final.* After the appeal is taken the procedure shall be governed by the Rules of Civil Procedure. When an appeal has been filed, the clerk of the circuit court shall issue a summons to *all parties, including the planning commission in all cases,* and shall cause it to be delivered for service as in any other law action." (Emphasis added)

It is as plain as a billboard that the legislature has granted to persons aggrieved by the final action of the board of adjustments the grace of appeal to the circuit court provided they perfect that appeal by filing it in the circuit court, including the planning commission as a party, within thirty days. Here the appeal was filed within the thirty-day limitation, but no effort was made to include the Commission as a party until sixty-eight days after the final action of the Board. Consequently, one of the conditions precedent to the exercise of judicial power by the circuit court was not met and it was required to dismiss the appeal for want of jurisdiction. *Kentucky Utilities Co. v. Farmers Rural Electric Cooperative Corporation,* supra. Cf. *City of Danville v. Wilson,* Ky., 395 S.W.2d 583 (1965); *Howell v. Haney,* Ky., 330 S.W.2d 941 (1960).

The majority of the Court of Appeals and counsel for the respondents myopically view the issue here as one of indispensability of parties under CR 19.01. Such is not the case. The civil rules do not apply in this type of litigation until after the appeal has been perfected. CR 1; KRS 100.347(2). The lens which causes the myopia is supplied by headnote 7 to our opinion in *Gentry v. Ressnier,* Ky., 437 S.W.2d 756 (1969), which gratuitously extends our limited holding that the commission is not always an indispensible party to an appeal from the circuit court to the Court of Appeals to include appeals from the board to the circuit court.

We hasten to remind both bench and bar that headnotes are not the work of the court and do not state its decision. They are simply the work of commercial publishers and give their understanding of the decision, which may or may not be correct. They are prepared for the convenience of the profession so that its members may find potentially applicable opinions through the digest system. Each member of the profession is still required to determine the meaning of each opinion for himself. *Ohio Valley Fire & Marine Ins. Co.'s Receiver v. Skaggs,* 216 Ky. 535, 540, 287 S.W. 969, 971 (1926); *United States v. Detroit Timber & Lumber Co.,* 200 U.S. 321, 337, 26 S.Ct. 282, 287, 50 L.Ed. 499, 505 (1906).

The decision of the Court of Appeals is reversed and the judgment of the Madison Circuit Court is affirmed.

All concur.