KENTUCKY UNEMPLOYMENT INSUR-
ANCE COMMISSION, Commonwealth
of Kentucky, Movant,

v.

Matilee CARTER, Respondent.

Supreme Court of Kentucky.

April 11, 1985.

Reconsideration Denied May 14, 1985.

R. Hughes Walker, Lucy B. Richardson, Cabinet for Human Resources, Office of the Counsel, Frankfort, for movant.

David Justice, Ashland, for respondent.

STEPHENS, Chief Justice.

The narrow issue we decide is whether, on appeal to the circuit court from a decision of the Kentucky Unemployment Insurance Commission (hereafter referred to as KUIC) pursuant to KRS 341.450, when an employer has been a party before the Commission, an aggrieved employee must join said employer as a party to the lawsuit. We conclude that the question must be answered in the affirmative and reverse the Court of Appeals.

Respondent voluntarily terminated her job with the Ashland Hospital Corporation, d/b/a King's Daughters' Hospital, claiming that her action was necessitated by good cause due to the conduct of her employer. She filed for unemployment compensation insurance benefits and when denied by the hospital, she appealed to the Department of Social Insurance. Following a hearing, a referee found that she was entitled to such benefits. The employer hospital appealed the referee's decision to KUIC, which reversed the decision of the referee, thus denying benefits.

Within twenty days of the entry of the order of KUIC, Carter sought statutorily authorized judicial review by filing a complaint in the Boyd Circuit Court. KUIC was named in the caption of the complaint as the sole respondent. The only relief sought was a reversal of KUIC's ruling

denying her benefits. As conceded by respondent's counsel, the former employer "was not named as a party due to an oversight on the part of her attorney." In the recitation of facts, Carter *identified* her former employer as "King's Daughters' Hospital" but did not use its legally correct corporate name. Civil summons was issued and served only on the named respondent, KUIC, although an informational copy of the complaint was mailed to the hospital's attorney of record in the proceeding before the KUIC.

KUIC filed a motion to dismiss the complaint because of the failure to join the employer as a party. Prior to the trial court's decision on that motion, Carter tendered an amended complaint, joining the hospital. The trial court denied the motion to amend and dismissed the complaint. It noted that even in the tendered amended complaint, the name of the employer was "wrong."

Carter then appealed the trial court's order to the Court of Appeals, which reversed. In the opinion, that court recognized that under the appeal statute, KRS 341.450, the employer should have been joined as a party, but ruled that "given the circumstances of this case," there was substantial compliance with the statutes and that the trial court erred when it refused to accept the amended complaint and when it dismissed the original complaint. We disagree.

On appeal, KUIC contends that the judicial review section of the unemployment statute mandates that the employer be joined as a party and that the doctrine of substantial compliance in this case is not the law of the Commonwealth. We agree.

Judicial review of KUIC's decision is created, authorized and defined by an enactment of the Kentucky General Assembly. It appears as KRS 341.450, and is as follows:

> **Judicial review.**—(1) Except as provided in KRS 341.460, within twenty (20) days after the date of the decision of the commission, any party aggrieved thereby may, after exhausting his remedies before the commission, secure judicial review thereof by filing a complaint against the commission in the circuit court of the county in which the claimant was last employed by a subject employer whose reserve account is affected by such claims. Any other party to the proceeding before the commission shall be made a *defendant in such action.* The complaint shall state fully the grounds upon which review is sought, assign all errors relied on, and shall be verified by the plaintiff or his attorney. The plaintiff shall furnish copies thereof for each defendant to the commission, which shall deliver one (1) copy to each defendant. (Emphasis added).

As stated, it is uncontroverted that Carter's employer, Ashland Hospital Corporation, d/b/a King's Daughters' Hospital, was a party in the action before the KUIC and in fact, instituted said action to challenge the decision of the referee. It is also a fact that the employer was not joined as a *party* to the suit filed by Carter in the circuit court. It was not named in the caption of the complaint, no summons was issued or served pursuant to CR 4.04, and no relief was sought against the employer in the prayer for relief. In other words, Carter did not join the employer, in spite of a crystal clear directive in the statute that "Any other party to the proceeding before the commission shall be made a defendant in such action." KRS 341.450.

■ It is argued by Carter that the mentioning of the employer (even though by an erroneous name) in the recitation of facts and the mailing of a copy of the complaint to the employer's attorney created substantial compliance with the statute. Even if we agreed with the claim, we find no authority before the court to authorize the doctrine of substantial compliance in a case where the appeal process is statutorily created and implemented. In the case of *Board of Adjustments of City of Richmond v. Flood,* Ky., 581 S.W.2d 1 (1978), the plaintiffs sought judicial review of the decision of the Board of Adjustment, under the aegis of a specific statute KRS 100.347.

In direct violation of the terms of that statute, plaintiffs failed to name the Planning and Zoning Commission as a party defendant in their complaint. In ruling that the complaint was to be dismissed for want of jurisdiction, viz., failure to name all parties, we said:

> There is no appeal to the courts from an action of an administrative agency as a matter of right. When grace to appeal is granted by statute, a strict compliance with its terms is required. Where the conditions for the exercise of power by a court are not met, the judicial power is not lawfully invoked. That is to say, that the court lacks jurisdiction or has no right to decide the controversy. Kentucky Utilities Co. v. Farmers Rural Electric Cooperative Corporation, Ky., 361 S.W.2d 300 (1962); Roberts v. Watts, Ky., 258 S.W.2d 513 (1953)....

It is plain as a billboard that the legislature has granted to persons aggrieved by the final action of the board of adjustments the grace of appeal to the circuit court provided they perfect that appeal by filing it in the circuit court, including the planning commission as a party, within thirty days. Here the appeal was filed within the thirty-day limitation, but no effort was made to include the Commission as a party until sixty-eight days after the final action of the Board. Consequently, one of the conditions precedent to the exercise of judicial power by the circuit court was not met and it was required to dismiss the appeal for want of jurisdiction. Kentucky Utilities Co. v. Farmers Rural Electric Cooperative Corporation, supra. Cf. City of Danville v. Wilson, Ky., 395 S.W.2d 583 (1965); Howell v. Haney, Ky., 330 S.W.2d 941 (1960). Id. at 2. (Emphasis added).

We believe that Flood is dispositive of the case at bar and the principles enumerated therein are applicable here. These same principles have been repeated over and over in this jurisdiction. Kentucky Utilities v. Farmers Rural Electric Cooperative Corporation, Ky., 361 S.W.2d 300 (1962); City of Danville v. Wilson, Ky., 395 S.W.2d 583 (1965); Howell v. Haney, Ky., 330 S.W.2d 941 (1960); Roberts v. Watts, Ky., 258 S.W.2d 513 (1953); Scott Brothers Logging and Lumber Co. v. Cobb, Ky., 465 S.W.2d 241 (1971) and Blue Grass Mining Co. v. North, Ky., 96 S.W.2d 757 (1936).

■ We believe that the statute in question, and others which establish judicial review of decisions of administrative bodies and which require certain parties to be joined, in effect transform such parties into indispensable ones. CR 19.01. In the present case, the statute gives the very cogent reason for its requirement, viz., that the employer's reserve account will be affected by the outcome of this litigation.

In arguing for the doctrine of "substantial compliance" to be applied in this case, both the Court of Appeals and respondent rely heavily on the case of Energy Regulatory Commission v. Kentucky Power, Ky. App., 605 S.W.2d 46 (1980). That reliance is misplaced. In that case, the then Kentucky Attorney General had permissively intervened in a hearing before the Commission. The Commission denied the rate increase, and Kentucky Power appealed. In the appeal, the Attorney General was not joined as a party defendant, but was sent notice of the proceedings. The Court of Appeals did not consider the Attorney General as an indispensable party and refused to dismiss the appeal. The basis of the decision was that the appropriate appeal statute did not require the Attorney General to be joined, but only to receive notice of the appeal. The Court said that the "better practice" would be to name, in the caption, all parties who appeared of record before the Commission. The court said that notice in such cases must be given "... by means of the issuance of summons of process, or to demonstrate by other concrete evidence the receipt of notice so that all proper parties are fully apprised before the reviewing court and in position to participate in the entire appellate proceedings." Id. at p. 51. As the judicial

review statute in *Kentucky Power* does not require the joinder of other parties that appeared before the Commission, the principle of substantial compliance was not even considered in that case. The Attorney General was a "proper party" and *not an* indispensable party.

 Because the judicial review statute, KRS 341.450, was not followed and because, as a result, an indispensable party to the appeal was not made a party defendant, the judgment of the trial court is affirmed. The decision of the Court of Appeals is reversed.

All concur.