**KENTUCKY UNEMPLOYMENT INSURANCE COMMISSION, Appellant,**

v.

**PROVIDIAN AGENCY GROUP, INC., and James Combs, Appellees.**

No. 97–CA–1039–MR.

Court of Appeals of Kentucky.

July 31, 1998.

Beverly H. Haverstock, General Counsel, Workforce Development Cabinet, Timothy A. Sturgill, Staff Attorney, Frankfort, for Appellant.

Michael A. Luvisi, Donna King Perry, Louisville, for Appellees.

Before DYCHE, JOHNSON, and KNOPF, JJ.

DYCHE, Judge.

The Kentucky Unemployment Insurance Commission (Commission) appeals an order of the Franklin Circuit Court reversing a decision of the Commission which held that a medical credit provided by Providian Agency Group, Inc. (Providian), to an employee removed that employee from non-covered employment under Kentucky Revised Statute (KRS) 341.055. The Commission argues on appeal that the trial court erred in its interpretation of the applicable statutes and that the trial court lacked subject matter jurisdiction due to Providian's failure to designate the Division of Unemployment Insurance (Division) as a party on appeal. Because this appeal can be decided solely on the procedur-

al issue, we need not address appellant's other argument.

James Combs worked as an account representative for Providian from August 30, 1993, to April 7, 1995. His duties consisted of soliciting applications for new insurance policies and servicing those policies already in effect. He was compensated for these services by a variety of fees and bonuses, all of which were based on commissions. He chose to accept Providian's dental coverage, but opted not to participate in Providian's health insurance program, instead maintaining insurance from his military retirement. Employees not participating in Providian's health insurance program who provided proof of·enrollment in another health insurance program were given a medical ꞌredit by Providian to help offset the employee's costs for insurance. As a result, Combs received $5.77 per week as a medical credit.

Combs filed for unemployment insurance benefits after he resigned his employment, and the Division assigned an auditor to investigate the claim. The Division concluded that Combs's wages were based solely on commission, thus making his work non-covered employment pursuant to KRS 341.055(10). That statute says that "[s]ervice performed by a worker for an employing unit as an insurance agent or as an insurance solicitor, if all such service performed by such worker for such employing unit is performed for remuneration solely by way of commission" is not covered employment for the purposes of unemployment insurance compensation.

The Commission set aside the Division's administrative determination that Combs was engaged in non-covered employment, stating that the cash payment made to Combs in lieu of medical insurance took Combs's employment outside the KRS 341.055(10) exclusion. The Commission ordered that Providian pay unemployment tax benefits on the medical credit payments made to Combs.

Providian then appealed to the Franklin Circuit Court, pursuant to KRS 341.450 and

KRS 341.460. Providian named as defendants in that appeal the Commission and Combs, but not the Division. The court reversed the Commission's decision, concluding that the ruling, which effectively removed a non-covered employment situation from non-covered status, would discourage employers from providing insurance to their employees. The court noted that although there was no Kentucky case law relative to the issue of health insurance as remuneration, the cases from other jurisdictions on which the Commission relied were inconsistent with both prior statutory interpretation and similar Kentucky decisions, and reinstated the decision of the Division. This appeal followed.

■ Appellant raises the issue of the circuit court's subject matter jurisdiction, or lack thereof, for the first time in its appeal to this Court. Any decision affecting an employing unit's liability, contribution rate, or amount of contributions arises under KRS 341.430(2). KRS 341.450 and KRS 341.460 outline the appropriate procedures for judicial review of these decisions.[1] KRS 341.460 provides that any appeal of a decision arising under KRS 341.430(2) shall be taken to the Franklin Circuit Court. KRS 341.450 reads in pertinent part:

(1) Except as provided in KRS 341.460, within twenty (20) days after the date of the decision of the commission, any party aggrieved thereby may, after exhausting his remedies before the commission, secure judicial review thereof by filing a complaint against the commission in the Circuit Court.... *Any other party to the proceeding before the commission shall be made a defendant in such action.* The complaint shall state fully the grounds upon which review is sought, assign all errors relied on, and shall be verified by the plaintiff or his attorney....

(Emphasis added.)

■ When an appeal is brought in circuit court by grant of statute, the parties must strictly comply with the dictates of that statute. *Board of Adjustments of the City of*

---

**1.** KRS 341.450 was amended by the General Assembly effective July 15, 1996, after these proceedings were commenced. Although this case is decided under the former version of the statute, the result would not be affected by the amendment.

*Richmond v. Flood,* Ky., 581 S.W.2d 1, 2 (1978); *Compton v. American Commercial Barge Line,* Ky.App., 664 S.W.2d 950, 952 (1984). As the Court succinctly stated in *Flood:*

> Where the conditions for the exercise of power by a court are not met, the judicial power is not lawfully invoked. That is to say, that the court lacks jurisdiction or has no right to decide the controversy.

581 S.W.2d at 2. The statute plainly requires that all parties to the administrative proceeding be named in the appeal.

Appellee relies on *J.T. Nelson Company, Inc. v. Comstock,* Ky.App., 636 S.W.2d 896 (1982), to support the argument that because KRS 341.450(5) requires that the Commission automatically conform to any judicial decision rendered, it was not necessary to designate the Division as a party on appeal. Although the appellant in *Comstock* failed to designate the Commission as a party on appeal, the Court held that the operation of law language in subsection (5) rendered such failure to comply harmless, and affirmed the judgment.

However, in *Kentucky Unemployment Insurance Commission v. Carter,* Ky., 689 S.W.2d 360, 362 (1985), the Supreme Court, relying on *Flood,* stated that statutes which require the joinder of certain parties on appeal effectively transform those parties into indispensable ones. Kentucky Rules of Civil Procedure (CR) 19.01. The Court adhered to the doctrine of strict compliance and held that because the statute was not followed by the naming of all parties on appeal, the complaint was properly dismissed by the trial court. *Carter,* 689 S.W.2d at 363.

Although not expressly stated as such, the premise underlying appellee's argument is that the statute is internally inconsistent. The words used in a statute are to be given their customary meaning, and the statute is to be given effect as written if it is both unambiguous and plain. *Lynch v. Commonwealth,* Ky., 902 S.W.2d 813, 814 (1995). "Where there is apparent conflict between sections of a statute, courts must endeavor to harmonize its interpretation so as to give effect to both." *Combs v. Hubb Coal Corporation,* Ky., 934 S.W.2d 250, 252 (1996) (*cit-*

*ing Kentucky Insurance Guaranty Association v. NREPC,* Ky.App., 885 S.W.2d 315 [1994] ).

The meaning of the language employed is clear and unambiguous. KRS 341.450(1) plainly states that *any* party to a proceeding before the Commission must be named in an appeal of the decision. We do not find any inconsistency between subsections (1) and (5). As noted in *Carter,* subsection (1) has the effect of transforming parties to the administrative proceeding into indispensable parties on appeal. CR 19.01. Subsection (5) requires that the Commission issue a final order in concert with any decision rendered upon judicial review of an administrative decision. There is no discord among these provisions. Appellee's failure to comply with subsection (1) was fatal to the appeal.

The judgment of the Franklin Circuit Court is reversed, and remanded with instructions to dismiss in accordance with this opinion.

ALL CONCUR.