RENDERED:  DECEMBER 22, 2021; 10:00 A.M.
NOT TO BE PUBLISHED

# Commonwealth of Kentucky

# Court of Appeals

NO. 2020-CA-1614-MR

THE LOOKOUT HEIGHTS
CIVIC CLUB, INC.                                                                    APPELLANT

APPEAL FROM KENTON CIRCUIT COURT
v.           HONORABLE KATHLEEN S. LAPE, JUDGE
ACTION NO. 20-CI-00719

KENTON COUNTY PVA; AND
KENTUCKY CLAIMS COMMISSION                                        APPELLEES

OPINION
AFFIRMING

** ** ** ** **

BEFORE:  CALDWELL, MAZE, AND McNEILL, JUDGES.

MAZE, JUDGE:  The Lookout Heights Civic Club, Inc. (the Civic Club) appeals

from an order of the Kenton Circuit Court which dismissed its appeal from a final

order of the Kentucky Claims Commission (the Commission) as untimely.  The

Civic Club argues that its appeal should be deemed timely due to the shutdown

orders associated with the pandemic. We agree with the circuit court that the Executive and Supreme Court orders in response to the pandemic do not expressly extend the time for filing an appeal from an administrative agency. Furthermore, the Civic Club has failed to show any other grounds which would toll the time for filing an appeal. Hence, we affirm.

The relevant facts of this appeal are as follows. The Civic Club owns real property located at 1661 Park Road in Fort Wright, Kenton County, Kentucky. In 2017, the Kenton County Property Valuation Administrator (PVA) removed the *ad valorem* property tax exemption from the property, concluding that the Civic Club was not a "charity" for purposes of Section 170 of the Kentucky Constitution. The Civic Club filed an appeal to the Kenton County Board of Assessment Appeals. The Board reversed the PVA, finding that the Civic Club is entitled to the exemption.

On further review, the Commission reversed that determination and rejected the Civic Club's claim to the exemption. The Commission served its final order on the parties on March 27, 2020. On May 26, 2020, the Civic Club appealed from this order to the Kenton Circuit Court.

In response, the PVA filed a motion to dismiss pursuant to CR[1] 12.02. The PVA pointed out that the Civic Club failed to file its appeal within the thirty-

_____

[1] Kentucky Rules of Civil Procedure.

-2-

day period allowed by KRS 13B.140. The Civic Club took the position that Kentucky Supreme Court Order 2020-17 extended the filing deadline to sixty days. The Civic Club also argued that this extension was consistent with the COVID-19 restrictions imposed by Executive Orders 2020-215 and 2020-257.

After considering the arguments of counsel, the circuit court granted the PVA's motion to dismiss. The court pointed out that Supreme Court Order 2020-17 only applied to filing deadlines for appeals to the Court of Appeals and the Supreme Court. The circuit court also found that Governor Beshear's Executive Orders did not excuse the timely filing of an appeal from an administrative agency. This appeal followed.

As the circuit court noted, KRS[2] 13B.140(1) provides:

> [A]ll final orders of an agency shall be subject to judicial review in accordance with the provisions of this chapter. A party shall institute an appeal by filing a petition in the Circuit Court of venue, as provided in the agency's enabling statutes, within thirty (30) days after the final order of the agency is mailed or delivered by personal service.

An appeal of an administrative agency's decision to the circuit court is granted by statute, not as a matter of right. Therefore, strict compliance with the statute is required. *Taylor v. Kentucky Unemployment Ins. Comm'n*, 382 S.W.3d

---

[2] Kentucky Revised Statutes.

-3-

826, 831-32 (Ky. 2012). When the statutory conditions for an appeal are not met, the circuit court lacks jurisdiction to decide the controversy. *Board of Adjustments of City of Richmond v. Flood*, 581 S.W.2d 1, 2 (Ky. 1978). *See also Pickhart v. United States Post Office*, 664 S.W.2d 939, 940 (Ky. App. 1983).

As an initial matter, the Civic Club takes issue with the circuit court's finding that the Commission's final order was effectively served on March 27, 2020. First, the Civic Club states that the Commission's final order was served by email, rather than by direct mail or personal service as required by KRS 13B.140. And second, the Civic Club's counsel states that his office remained closed as required by Executive Order 2020-257. Since the Commission's order was served at that address, the Civic Club contends that service could not be effective until the restriction was lifted on May 11, 2020.

We note, however, that the Civic Club never raised the sufficiency of service in the proceedings before the circuit court. It is well-established that non-jurisdictional issues of law which were not raised in the court below cannot be considered when raised for the first time in this Court. *Fischer v. Fischer*, 197 S.W.3d 98, 102 (Ky. 2006). Furthermore, Executive Order 2020-257 exempted professional services, including legal services, from the shutdown requirements. Consequently, the Civic Club has failed to support its bare assertion that it failed to receive sufficient notice of the Commission's final order.

The Civic Club primarily argues that Supreme Court Order 2020-17 must be interpreted to extend the filing deadline of administrative appeals to sixty days. However, this reading is not supported by the clear language of the order.

> On March 6, 2020, Governor Beshear entered Executive Order 2020-215 and declared a State of Emergency in response to the novel coronavirus (COVID-19) emergency in the Commonwealth. In light of this measure and to protect the health and safety of court employees, elected officials, and the general public, the Court hereby ORDERS as follows:
>
> 1. Notwithstanding CR 6.01, CR 6.02, and RCr[3] 1.10(a), (b), and (e), the time to perform an act required or allowed to be done in filings with the Supreme Court of Kentucky and the Kentucky Court of Appeals between March 16, 2020 and May 1, 2020, is hereby extended by thirty (30) days.
>
> 2. The Office of the Clerk of the Kentucky Court of Appeals and the Office of the Clerk of the Supreme Court of Kentucky shall continue to receive filings by mail while operating with reduced staffing.
>
> 3. The Clerk of the Kentucky Court of Appeals and the Clerk of the Supreme Court of Kentucky may, in their discretion, make arrangements with counsel to receive filings electronically and to distribute service in accordance with CR 5.02 as appropriate.

By its express terms, the Chief Justice's order only applies to filings in the Kentucky Court of Appeals and the Supreme Court of Kentucky. Indeed,

---

[3] Kentucky Rules of Criminal Procedure.

the order is directed only to the clerks of those courts, not to the circuit court clerks. We are not at liberty to extend the order's mandate further. As a result, we cannot interpret the order as extending the deadline for filing an administrative appeal pursuant to KRS 13B.140.

Lastly, the Civic Club argues that the filing deadline should be subject to equitable tolling in light of the pandemic restrictions. We again note that the Civic Club did not raise this argument to the circuit court. Furthermore, equitable tolling pauses a limitation period "when a litigant has pursued his rights diligently but some extraordinary circumstance prevents him from bringing a timely action." *Williams v. Hawkins*, 594 S.W.3d 189, 193 (Ky. 2020).

The shutdown requirements imposed in response to COVID-19 could be considered an "extraordinary circumstance." But the Civic Club does not allege that it or its counsel was prevented from receiving timely service of the Commission's final order. And as the circuit court noted, the Kenton Circuit Clerk remained open for business and was accepting pleadings during the entire period at issue. Consequently, the Civic Club has failed to show that it was prevented from bringing a timely action.

Accordingly, we affirm the order of the Kenton Circuit Court.


ALL CONCUR.

-6-

BRIEF FOR APPELLANT:

Ryan J. Reed
Fort Mitchell, Kentucky

BRIEF FOR APPELLEE KENTON
COUNTY P.V.A.:

Drew C. Harris
Covington, Kentucky