RENDERED:  NOVEMBER 17, 2023; 10:00 A.M.
NOT TO BE PUBLISHED

# Commonwealth of Kentucky

# Court of Appeals

NO. 2023-CA-0243-MR

CHANCELLOR ANTHONY                                                    APPELLANT


                          APPEAL FROM FRANKLIN CIRCUIT COURT
v.                        HONORABLE THOMAS D. WINGATE, JUDGE
                          ACTION NO. 21-CI-00395


KENTUCKY JUSTICE AND PUBLIC
SAFETY CABINET, DEPARTMENT
OF CRIMINAL JUSTICE TRAINING                                          APPELLEE


                          OPINION AFFIRMING IN PART,
                          REVERSING IN PART,
                          AND REMANDING

                          ** ** ** ** **

BEFORE:  CETRULO, COMBS, AND EASTON, JUDGES.

EASTON, JUDGE:  The Appellant ("Anthony") asks this Court to reverse the

dismissal of his disability discrimination claim.  Because the status of the Appellee

("DOCJT") as an "employer" of Anthony as defined by law could not be

determined from the allegations contained in the Complaint, we reverse the

dismissal for failure to state a claim and remand for further proceedings.  We

affirm the dismissal of Anthony's administrative appeal of DOCJT's decision not to certify Anthony after his training.

## FACTUAL AND PROCEDURAL BACKGROUND

Anthony was employed by the Leitchfield Police Department ("LPD") a department of the City of Leitchfield, Anthony's direct employer. To obtain certification as a peace officer for this employment, Anthony attended training provided by DOCJT. He did so at the direction of LPD. Unlike some larger police agencies in Kentucky, LPD did not have its own training program and sent its recruits to DOCJT.

Anthony was born without a fully formed right arm. He uses a prosthesis for his right forearm and hand. Anthony proceeded through the training and was scheduled to graduate the program. At the last minute, Anthony was denied his certification after previously being listed as a graduate.

Anthony appealed the certification denial within the administrative agency, but this appeal was unsuccessful. Anthony filed an appeal of the final administrative decision to the circuit court. Unfortunately, Anthony failed to attach the order he sought to appeal, which KRS[1] 13B.140(1) requires. In addition to the attempted appeal, Anthony claimed disability discrimination by DOCJT in violation of KRS 344.070.

---

[1] Kentucky Revised Statutes.

Anthony conceded the error about the appeal portion of his suit.

DOCJT sought to dismiss not only the appeal but also the discrimination claim.

The circuit court concluded that DOCJT was not Anthony's employer, nor a labor

organization governed by KRS 344.070. As a result, the circuit court dismissed

Anthony's suit for failure to state a claim upon which relief can be granted. This

appeal follows.

## STANDARD OF REVIEW

> A motion to dismiss for failure to state a claim
> upon which relief may be granted admits as true the
> material facts of the complaint. So a court should not
> grant such a motion unless it appears the pleading party
> would not be entitled to relief under any set of facts
> which could be proved . . . . Stated another way, the
> court must ask if the facts alleged in the complaint can be
> proved, would the plaintiff be entitled to relief? Since a
> motion to dismiss for failure to state a claim upon which
> relief may be granted is a pure question of law, a
> reviewing court owes no deference to a trial court's
> determination; instead, an appellate court reviews the
> issue de novo.

*Fox v. Grayson*, 317 S.W.3d 1, 7 (Ky. 2010) (internal quotation marks and

citations omitted). Because of this deference to alleged facts, motions to dismiss

often turn on questions of law.

## ANALYSIS

Anthony does not contest the dismissal of his administrative appeal.

Because appeals of administrative decisions are a matter of legislative grace, strict

-3-

compliance with the appeal requirements must be observed. Without strict compliance, the circuit court has no jurisdiction to consider the appeal. *Board of Adjustments of City of Richmond v. Flood*, 581 S.W.2d 1, 2 (Ky. 1978).

DOCJT did not argue any aspect of *res judicata* of the administrative decision on the discrimination claim in the circuit court proceedings. DOCJT was not yet required to assert this affirmative defense under CR[2] 12.02. Even if it had, neither we nor the circuit court could determine that issue because the record of the administrative action was not sent to the circuit court.

At this point, we cannot ascertain why the certification was denied. DOCJT suggested at page 3 of its Memorandum of Law in Support of Motion to Dismiss filed with the circuit court that Anthony could not perform critical tasks, such as defensive maneuvers, without his prosthesis, and Anthony indicated that he did not intend to wear the prosthesis on a day-to-day basis. But there is no record to support this statement. We must assume for the sake of a dismissal motion that Anthony's allegation of discrimination due to disability is true.

If Anthony is a "qualified person with a disability," then "an employer, labor organization, or joint labor-management committee" cannot discriminate again him in training opportunities. KRS 344.070. Disability as it may apply to Anthony means "[a] physical or mental impairment that substantially

---

[2] Kentucky Rules of Civil Procedure.

-4-

limits one (1) or more of the major life activities of the individual." KRS 344.010(4)(a). A qualified person with a disability means "an individual with a disability as defined in KRS 344.010 who, with or without reasonable accommodation, can perform the essential functions of the employment position that the individual holds or desires unless an employer demonstrates that he is unable to reasonably accommodate an employee's or prospective employee's disability without undue hardship on the conduct of the employers' business." KRS 344.030(1).

For a motion to dismiss, we must assume Anthony could prove the factual predicates to satisfy the definition of a qualified person with a disability. The legal question is whether Anthony's claim is barred because of the limitation in KRS 344.070, which creates liability for an "employer." We must decide whether DOCJT can be considered an employer under this statute.

Before addressing the controlling question of employer status, we will comment on Anthony's added argument of DOCJT being a labor organization. We need not delve into the disagreement over preservation of this argument. The circuit court correctly determined DOCJT is not a labor organization as a matter of law after review of the allegations about DOCJT in the Complaint. KRS 344.030(4). *See B.L. v. Schumann*, 380 F. Supp. 3d 614, 648 (W.D. Ky. 2019).

In *B.L.*, the plaintiff did not allege that the governmental agency running the program in question was an employer. *Id*. In the present case, Anthony did make this allegation. In Paragraph 22 of his Complaint, Anthony alleged DOCJT was his employer for purposes of his KRS 344.070 claim, while in Paragraph 1 Anthony says LPD was his employer.

Claiming two employers appears to be inconsistent. But Anthony provided further relevant allegations in Paragraphs 3 and 19 of his Complaint. In Paragraph 3, Anthony alleges DOCJT was responsible for his training protected by KRS 344.070. In Paragraph 19, Anthony said LPD sent him to the training provided by DOCJT.

The parties have not discussed the statutory definition of employer. As used in KRS 344.070, a definition of employer was provided by the General Assembly. The definition includes not just the employer itself but also any "agent" of the employer. KRS 344.030(2).

We have little published Kentucky authority applying KRS 344.070. Since the Kentucky Civil Rights Act borrows the language of Title VII of the Civil Rights Act of 1964, the provisions of Kentucky law "should be interpreted consonant with federal interpretation." *Meyers v. Chapman Printing Co., Inc.*, 840 S.W.2d 814, 821 (Ky. 1992). Where a state agency provides police training for officers of other agencies, the state agency may be found to be an agent of the

-6-

employer within the definition of KRS 344.030(2) and thus under KRS 344.070. *See Pathan v. Connecticut*, 19 F. Supp. 3d 400, 416 (D. Conn. 2014).

Again, this is a motion to dismiss for failure to state a claim. We cannot determine based on the limited record whether Anthony will be able to establish the factual predicates to show DOCJT as an agent for his direct employer. But, as it would not be impossible for Anthony to establish the required agency of DOCJT providing training for the employees of LPD, the dismissal of the disability discrimination claim must be reversed.

We recognize that the concept of DOCJT as an agent within the definition of employer was not specifically argued by the parties. As a result, the circuit court did not have the opportunity to rule on the question. As an appellate court, we must apply the law even if certain aspects of the law have not been directly addressed. *Mitchell v. Hadl*, 816 S.W.2d 183, 185 (Ky. 1991). We were required only to look up the definition of employer within the same statutory chapter as KRS 344.070 to discover the question of agency. In this case, the statutory definition of employer which governs KRS 344.070 as including an agent is a key component to the law of this case and must be addressed.

CONCLUSION

We affirm the dismissal of Anthony's appeal of the administrative decision. We reverse the dismissal of Anthony's disability discrimination claim

under KRS 344.070 for further proceedings to determine if DOCJT acted as the agent of LPD in providing training for Anthony and, if so, whether Anthony can prove discrimination. Consideration of other issues by the circuit court will follow from further pleadings in the case.

ALL CONCUR.

BRIEF FOR APPELLANT:

Thomas E. Clay
Louisville, Kentucky

BRIEF FOR APPELLEE:

Robin Cornette
Frankfort, Kentucky