RENDERED: DECEMBER 1, 2023; 10:00 A.M.
NOT TO BE PUBLISHED

# Commonwealth of Kentucky

# Court of Appeals

NO. 2023-CA-0082-MR

LOUISVILLE/JEFFERSON COUNTY METRO
GOVERNMENT; THE LEGISLATIVE BODY
OF THE LOUISVILLE/JEFFERSON COUNTY
METRO GOVERNMENT; AND HISTORIC
LANDMARKS AND PRESERVATION DISTRICTS
COMMISSION                                                    APPELLANTS


APPEAL FROM JEFFERSON CIRCUIT COURT
v.          HONORABLE AUDRA J. ECKERLE, JUDGE
ACTION NO. 21-CI-002393


LOUISVILLE HISTORICAL LEAGUE,
INC.; AND OMNI LOUISVILLE, LLC                                APPELLEES


AND

NO. 2023-CA-0134-MR


OMNI LOUISVILLE, LLC                                          APPELLANT

APPEAL FROM JEFFERSON CIRCUIT COURT
v.          HONORABLE AUDRA J. ECKERLE, JUDGE
ACTION NO. 21-CI-002393


LOUISVILLE HISTORICAL LEAGUE,
INC.; LOUISVILLE/JEFFERSON COUNTY
METRO GOVERNMENT; THE LEGISLATIVE
BODY OF THE LOUISVILLE/JEFFERSON
COUNTY METRO GOVERNMENT; AND
HISTORIC LANDMARKS AND PRESERVATION
DISTRICTS COMMISSION                                          APPELLEES


OPINION
VACATING AND REMANDING

** ** ** ** **

BEFORE:  CALDWELL, DIXON,[1] AND EASTON, JUDGES.

CALDWELL, JUDGE:  The above-captioned appellants in this consolidated

matter (collectively "Metro") appeal a decision of the Jefferson Circuit Court

reversing an administrative determination that a certain building in Louisville,

Kentucky, should not be deemed a landmark pursuant to Louisville ordinance.

Upon review, we vacate and remand as set forth below.

---

[1] Judge Donna Dixon concurred in the Opinion prior to her retirement effective November 20, 2023.  Release of this Opinion was delayed by administrative handling.

## BACKGROUND

At its October 24, 2019 meeting, the Legislative Body of Louisville/Jefferson County Metro Government ("Metro Council") passed a resolution directing its Historic Landmarks and Preservation Districts Commission ("Landmarks Commission") to conduct a review to determine whether the Odd Fellows Building located at 211-215 W. Muhammad Ali Boulevard ("Liberty Hall") should be landmarked. The issue went before the Landmarks Commission during a public hearing on November 19, 2020, and at the conclusion of the hearing it voted to designate Liberty Hall as a landmark. The Landmarks Commission then notified Metro Council of its designation. However, based upon its review of the record made before the Landmarks Commission, Metro Council disagreed and overruled the designation.

Subsequently, the Louisville Historical League, Inc. ("LHL"), filed suit in Jefferson Circuit Court to contest Metro Council's decision, claiming in its complaint that it was "injured and/or aggrieved" and denied its procedural due process rights by the "erroneous, arbitrary and capricious final action of Metro Council[.]" The circuit court ultimately considered the merits of LHL's claims; and, agreeing with LHL's position, it entered an order reversing Metro Council's decision. These consolidated appeals followed. Additional facts will be discussed in our analysis.

## ANALYSIS

On appeal, Metro argues the circuit court lacked subject matter jurisdiction to resolve LHL's appellate action. This is the first time Metro has raised this argument, and LHL contends Metro is accordingly barred from asserting it. However, LHL is incorrect. Subject matter jurisdiction is an issue we are required to raise even *sua sponte*, "as it cannot be acquired by waiver, consent, or estoppel." *Doe v. Golden & Walters, PLLC*, 173 S.W.3d 260, 270 (Ky. App. 2005) (footnotes omitted); *see also University of Kentucky v. Hatemi*, 636 S.W.3d 857, 883 (Ky. App. 2021) (internal quotation marks, brackets, and citation omitted) ("[A] reviewing court succeeds to the jurisdiction of the court from which the appeal is taken without diminution or enlargement; it has simply that and nothing more as well as nothing less.").

Proceeding to the substance of Metro's argument, LHL's action before the circuit court was, as discussed, an appeal of Metro Council's decision to overturn the Landmarks Commission's designation of Liberty Hall as an historic landmark. The Landmarks Commission and Metro Council are both "creatures of ordinance"[2] (*i.e.*, administrative agencies). Kentucky's circuit courts only have subject matter jurisdiction "to review the actions or decisions of administrative

---

[2] *See Friends of Louisville Public Art, LLC v. Louisville/Jefferson County Metro Historic Landmarks and Preservation Districts Comm'n*, 671 S.W.3d 209, 212 (Ky. 2023).

-4-

agencies" when "authorized by law[,]" KRS[3] 23A.010(4), because "[a]n appeal

from an administrative decision is a matter of legislative grace . . . ." *Spencer*

*Cnty. Pres., Inc. v. Beacon Hill*, 214 S.W.3d 327, 329 (Ky. App. 2007). It is also

well-established that a party seeking to appeal an administrative agency's decision

must strictly comply with the legislative provisions authorizing the appeal.[4]

*Kenton County Bd. of Adjustment v. Meitzen*, 607 S.W.3d 586, 595 (Ky. 2020).

Failure to do so deprives any reviewing court of subject matter jurisdiction. *Id.*

Metro's argument is that LHL failed to strictly comply with the

legislative provision that authorized the type of appellate action LHL initiated

before the circuit court. The legislative provision in question was LMCO §

32.263(C), which provides:

> An appeal from the Council shall be taken by *any*
> *person or entity claiming to be injured or aggrieved by*
> *the final action* of the Council to the Jefferson Circuit
> Court within 30 days of the Council's final action, which
> shall be defined as the date on which the Council votes to
> uphold, amend, or overturn the decision of the

---

[3] Kentucky Revised Statute.

[4] It is often stated that "[w]hen grace to appeal is granted by *statute*, a strict compliance with its terms is required." *Board of Adjustments of City of Richmond v. Flood*, 581 S.W.2d 1, 2 (Ky. 1978) (emphasis added); *see also Taylor v. Duke*, 896 S.W.2d 618 (Ky. App. 1995); *Kentucky Unemployment Ins. Comm'n v. Providian Agency Group, Inc.*, 981 S.W.2d 138 (Ky. App. 1998). An urban-county government ordinance is at issue in this matter, rather than a statute, but there is no meaningful difference for our purposes. A municipal ordinance carries the state's authority and has the same effect within the municipality's limits as a state statute. If an ordinance does not conflict with any statute and is otherwise constitutional, the ordinance will control. *See generally* KRS 67A.070. Here, only Louisville Metro Code of Ordinances ("LMCO") § 32.263 governed LHL's appellate proceeding before the circuit court; there is no dispute regarding its constitutionality; accordingly, it carried the force and effect of a statute.

Commission on the proposed designation. Should the Council fail to take action on a proposal for designation of an individual landmark within the 120-day period as provided in § 32.260(Q), then the Council's failure to act shall constitute its final action on said proposal, and any appeal shall be taken within 30 days of that 120th day. The property owner, applicant, Commission and the Council shall be named as parties to the appeal.

(Emphasis added.)

At issue is what the above-emphasized language required LHL to plead in its complaint to effectively invoke the circuit court's subject matter jurisdiction over its appellate action. Metro argues "any person or entity claiming to be injured or aggrieved by the final action" should be interpreted consistently with how our Supreme Court interpreted that same language, albeit as set forth in KRS 100.347, a zoning appeal statute. Specifically, in *Meitzen*, 607 S.W.3d at 592-93, the Court explained this language means a party must provide factual allegations in the complaint stating how he or she was particularly injured, aggrieved, or harmed by the decision of the administrative entity:

> Taking the plain meanings of these words in the context of KRS 100.347(1), we conclude that a party pursuing an appeal from a board of adjustment must claim some type of hurt or damage, or some form of suffering or infringement that the party will experience as a result of the board's decision.
>
> The only reasonable method by which a person or entity can "claim" to be injured or aggrieved by a final decision of a board of adjustment when initiating an appeal in circuit court is through their complaint. But

Meitzen and Nageleisen failed to provide any factual allegations to support a claim that they themselves were injured or aggrieved in some way by the Board's action. In fact, the words "injured" or "aggrieved" (or even synonyms of those words) do not appear anywhere in their complaint. While these particular words are not necessarily required, a complaint pursuant to KRS 100.347(1) must reflect how the plaintiff fits into the statutory language authorizing an appeal. Meitzen and Nageleisen explain how they believe the Board erred legally but they fail to state how the alleged errors affect them or cause injury to them. In fact, the complaint reads solely as a critique of the Board's decision to grant the conditional use permit, not as a claim on behalf of parties who are themselves injured or aggrieved.

The language in KRS 100.347(1) is clear and unequivocal – a party must claim to be "injured or aggrieved" by a board's final action. The legislative intent is apparent from the words used in the statute. While the General Assembly could have allowed any person residing in the county, for example, to initiate an appeal from a board of adjustment decision, the legislature deliberately limited appeals to those instances where a person or entity could claim to be actually injured or aggrieved by the board's action.

*Meitzen*, 607 S.W.3d at 592-93.

Considering what is set forth above, we agree that "any person or entity claiming to be injured or aggrieved by the final action," as set forth in LMCO § 32.263(C), should be interpreted consistently with *Meitzen*. As stated, the *Meitzen* Court interpreted exactly the same language. It did so consistently with a cardinal rule of legal interpretation:

> [T]he intention of the legislature should be ascertained and given effect. Discerning legislative intent requires a focus on the words chosen by the legislature. If those words, given their common understanding and meaning, are clear or unambiguous, our task is complete – we simply apply the will of the legislature. Only when a statute is ambiguous do we reach for more extensive interpretative aids.

*Id*. at 592 (internal quotation marks and citations omitted).

Furthermore, where the same language is used in separate legislation that shares similar purposes, it is appropriate to presume that language was intended to have the same meaning.[5] While the *Meitzen* Court did not interpret the ordinance at issue here, it interpreted a statute that served a similar purpose, *i.e.*, LMCO § 32.263(C) and KRS 100.347 both delineate how to perfect an administrative appeal involving local land use issues. Indeed, the Louisville Metro government promulgated LMCO § 32.263 under authority delegated to it under the same KRS Chapter. *See* KRS 100.203(1)(e) (authorizing cities and counties to create "[d]istricts of special interest to the proper development of the community, including . . . historical districts"). Viewing the language of LMCO § 32.263(C) through that lens, and using our Supreme Court's interpretation as a guide, we must conclude that this ordinance, like KRS 100.347, requires an appealing party

---

[5] *See, e.g.*, *Smith v. City of Jackson*, 544 U.S. 228, 233, 125 S. Ct. 1536, 1541, 161 L. Ed. 2d 410 (2005) ("[W]hen [the legislature] uses the same language in two statutes having similar purposes . . . it is appropriate to presume that Congress intended that text to have the same meaning in both statutes.").

to provide factual allegations in their complaint stating how they were particularly injured, aggrieved, or harmed by the decision of the administrative entity.

LHL contends it satisfied this jurisdictional threshold because, in its complaint, it stated it was "injured and/or aggrieved" by the final action of Metro Council. However, merely stating it was "injured and/or aggrieved" is not enough, as this is simply a legal conclusion, not a factual allegation. *See Prospect Land Conservation, LLC v. Louisville/Jefferson County Metro Planning Comm'n*, No. 2021-CA-0956-MR, 2022 WL 17071694, at *5 (Ky. App. Nov. 18, 2022) (unpublished)[6] (explaining a statement that the appellant is "injured or aggrieved per KRS 100.347(2)" is insufficient to invoke a reviewing court's subject matter jurisdiction absent accompanying factual allegations supporting the appellant will suffer particularized harm, damage, or injury due to the complained-of administrative action).

LHL also argues its complaint satisfied this jurisdictional threshold in several other respects:

> The Complaint further includes numerous allegations supporting LHL's injury including: impairment to LHL's mission to promote the appreciation and preservation of Metro Louisville's cultural heritage and historic environment; blatant disregard for the testimony and evidence submitted by LHL during the

---

[6] Absent further guidance from our Supreme Court on this point of subject matter jurisdiction, we regard *Prospect Land Conservation* as consistent with *Meitzen* and, as such, persuasive authority within the ambit of Kentucky Rules of Appellate Procedure ("RAP") 41.

administrative review process; Louisville Metro's agreement to thwart any efforts to landmark Liberty Hall; and the inability to present additional evidence at or before Metro Council's March 25, 2021 meeting where it considered evidence beyond the administrative record to support its decision to overturn the Landmark Commission's designation of Liberty Hall as a historic landmark. (Compl. ¶¶ 1, 17, 28, 33, 38-45, [Trial Record] TR 2, 6, 8-9, 11, 12-22). And the Complaint explains the direct interest LHL has in preserving the character and aesthetic value of historic structures in and surrounding Louisville, such as Liberty Hall, as well as the negative consequences Metro Council's decision has on carrying out this purpose. (*Id*.). Moreover, Mr. Wiser, a member of LHL's board of directors, spoke at length at the Landmark Commission's November 19, 2022 public hearing about the architectural characteristics of Liberty Hall and its association with a master builder. (Landmarks Commission 11/19/20 Minutes at 4, TR 525; Landmarks Commission 11/19/20 Meeting at 47:20-52:08, TR 531).

Beyond these allegations, LHL has also sustained injury and been aggrieved through its actions before the Landmarks Commission and in pursuing this appeal, which is only necessary because Metro Council arbitrarily overturned the Landmarks Commission's decision designating Liberty Hall as a landmark based on evidence that was not part of the administrative record and its refusal to hold a public hearing. (Compl. at ¶¶ 32-35, TR 11). In addition, members of LHL's board of directors expended legal fees to subsequently pursue this appeal.

We disagree. LHL's participation and presentation of evidence at a

*public* hearing; its disappointment with and criticisms of the outcome of that

hearing; and any alleged "impairment to LHL's mission to promote the

-10-

appreciation and preservation of Metro Louisville's cultural heritage and historic environment," or its interest "in preserving the character and aesthetic value of historic structures in and surrounding Louisville," are insufficient for purposes of LMCO § 32.263(C). At most, these allegations either implicate an injury to the general public,[7] or merely satisfy the second element of demonstrating associational standing[8] in federal courts, namely, that "the interests [LHL] seeks to protect are germane to the organization's purpose[.]" *See Hunt v. Washington State Apple Advert. Comm'n*, 432 U.S. 333, 343, 97 S. Ct. 2434, 2441, 53 L. Ed. 2d 383 (1977).[9] They do not show how LHL was *particularly* injured, aggrieved, or harmed by Metro Council's decision, as required by LMCO § 32.263(C).

---

[7] LHL's allegations in this vein are roughly analogous to the allegations of appellee Tate in *Bailey v. Preserve Rural Roads of Madison County, Inc.*, 394 S.W.3d 350 (Ky. 2011). There, our Supreme Court rejected the notion that Tate, who did not own, lease or reside on property accessed by the road at issue in that matter, sustained a specific injury different than any other member of the public due to the gating of the road – despite Tate's allegations that the road met "a public need, [provided] a shortcut for him, and [gave] him access to many sites important to his family history." *Id*. at 355.

[8] To reiterate, the issue before us is not whether LHL could have eventually proved its standing; it is whether LHL strictly complied with the legislation authorizing its appeal and thus invoked the circuit court's subject matter jurisdiction. However, inasmuch as LMCO § 32.263(C) requires a party to provide factual allegations in their complaint supporting that they have been "injured or aggrieved" by Metro Council's decision, the ordinance – like KRS 100.347 – has a "standing component." *See Meitzen*, 607 S.W.3d at 598.

[9] The first element of *Hunt* test, and the only aspect of that test Kentucky has adopted, requires a showing that the organization claiming standing has "members [who] would otherwise have standing to sue in their own right[.]" *See City of Pikeville v. Kentucky Concealed Carry Coalition, Inc.*, 671 S.W.3d 258, 264 (Ky. 2023) (quoting *Hunt*, 432 U.S. at 343, 97 S. Ct. at 2441). LHL's complaint contains no factual allegations indicating any of its individual members were particularly "injured or aggrieved" by Metro Council's decision.

-11-

Likewise, filing litigation and expending "legal fees" cannot, in and of itself, transmute an injury to the general public into a particularized injury to an individual.

Like the complaint at issue in *Meitzen*, 607 S.W.3d at 586, LHL's complaint alleged multiple grounds of error relative to an agency's underlying decision but failed to set forth any facts as to the harm, damage, or injury it suffered or will suffer resulting from that decision. LHL therefore failed to satisfy the "injured or aggrieved" requirement of LMCO § 32.263(C). Consequently, an essential condition for invoking judicial power was not met, and the circuit court lacked subject matter jurisdiction to review this matter. *See Kentucky Utilities Co. v. Farmers Rural Electric Corporative Cooperation*, 361 S.W.2d 300 (Ky. 1962); *Roberts v. Watts*, 258 S.W.2d 513 (Ky. 1953); *Bd. of Adjustments of City of Richmond v. Flood*, 581 S.W.2d 1, 2 (Ky. 1978).

As part of its complaint, LHL also initiated a declaratory action against Metro based upon the same allegations underpinning its administrative appeal. In sum, LHL repackaged those allegations to support a claim that Metro Council deprived it of "due process" because, in LHL's view, Metro Council's decision to overturn the Landmarks Commission's designation of Liberty Hall as an historic landmark was "arbitrary" and "the product of bias and/or conflicts of interest[.]" The circuit court appears to have considered this "declaratory action"

to be part of LHL's overall administrative appeal. To the extent the circuit court viewed it as a legally cognizable separate action, however, it erred.

Under Kentucky law, "[w]here the statute both declares the unlawful act and specifies the civil remedy available to the aggrieved party, the aggrieved party is limited to the remedy provided by the statute." *Waugh v. Parker*, 584 S.W.3d 748, 753 (Ky. 2019) (citations omitted); *see also Hill v. Kentucky Lottery Corp.*, 327 S.W.3d 412, 421 (Ky. 2010); *Mendez v. University of Kentucky Board of Trustees*, 357 S.W.3d 534, 545 (Ky. App. 2011). Here, LMCO § 32.263(C) provides for a remedy. Because it offers an adequate and exclusive remedy (*i.e.*, appeal to a Kentucky court) for grievances related to Metro Council's decisions, the circuit court was required to dismiss LHL's declaratory action, which was merely a collateral attack that solely rehashed the same complaints. *See Warren County Citizens for Managed Growth, Inc. v. Board of Comm'rs*, 207 S.W.3d 7, 17 (Ky. App. 2006) (citations omitted) ("Because [KRS 100.347] affords an adequate remedy, a separate declaratory judgment action is not appropriate.").

## CONCLUSION

The circuit court's order reviewing Metro Council's administrative decision was void for lack of subject matter jurisdiction. Accordingly, it is VACATED. On REMAND, the circuit court is directed to DISMISS LHL's action.

-13-

ALL CONCUR.


BRIEF FOR APPELLANTS
LOUISVILLE/JEFFERSON
COUNTY METRO GOVERNMENT;
THE LEGISLATIVE BODY OF THE
LOUISVILLE/JEFFERSON
COUNTY METRO GOVERNMENT;
AND HISTORIC LANDMARKS
AND PRESERVATION DISTRICTS
COMMISSION:

Michael J. O'Connell
Jefferson County Attorney

Anne P. Scholtz
Carrie P. Hall
Assistant Jefferson County Attorneys
Louisville, Kentucky

BRIEF FOR APPELLANT OMNI
LOUISVILLE, LLC:

Scott A. Davidson
Louisville, Kentucky

BRIEFS FOR APPELLEE
LOUISVILLE HISTORICAL
LEAGUE, INC. :

Donald J. Kelly
Jordan M. White
Matthew L. Bunnell
Louisville, Kentucky